The STATE of Texas, Appellant/Cross–
Appellee,

v.

Donald Gene DUDLEY, Appellee,
Cross–Appellant.

No. 12–06–00217–CR.

Court of Appeals of Texas,
Tyler.

April 30, 2007.

Michael J. West, for appellant.

Tonda L. Curry, Stephen Evans for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

SAM GRIFFITH, Justice.

Donald Gene Dudley was found guilty of the felony offense of sexual assault of a child and sentenced to community supervision. In one issue, the State argues that the trial court should have reformed the judgment after the State furnished affidavits from jurors stating that they misunderstood the sentencing possibilities and intended to impose both a penitentiary term and community supervision. Appellee argues that the punishment verdict should stand and raises three cross issues. We affirm.

### BACKGROUND

Donald Gene Dudley was indicted for a single count of sexual assault of a child. He had been a teacher in the Brownsboro School District. The complaining witness was his student and, according to her testimony, Appellee had sex with her on several occasions at his home in Smith County. Appellee testified that he did not have sex with the student. During trial Appellee sought to cross examine the complaining witness about a police interview in which she discussed other sexual conduct, arguing that circumstances she described in the interview were inconsistent with her testimony. The trial court denied his request, and Appellee introduced a transcript of the interview as an offer of proof.

The jury found Appellee guilty and assessed punishment of ten years of imprisonment. However, the jury recommended that the sentence be probated and that Appellee be placed on community supervision for five years. The jury also assessed a fine of $2,500.00, but did not recommend that it be probated. The trial court read that punishment verdict aloud, and the jurors indicated that the trial court had correctly recited their verdict. The court entered a written judgment showing the conviction and the punishment verdict as recited in open court. Several days after the verdict, the State filed a motion seeking reformation of the sentence. Attached to the motion were identical affidavits from eleven of the jurors stating that it was their intent that Appellee serve a prison sentence of ten years followed by a term of community supervision for five years.[1] According to the affidavits and the State's motion, the jurors misunderstood the available punishment and intended to impose a sentence of ten years of imprisonment followed by five years of probation. The trial court did not rule on the motion. Both parties appealed.

### STATE'S APPEAL

In one issue, the State argues that the trial court should have granted its motion for a nunc pro tunc judgment and reformed the judgment to reflect the jury's intent as evidenced by their postverdict affidavits.

### Applicable Law

 If a jury assesses a punishment authorized by the law, the trial court has no power to change that punishment verdict and has very little authority to do anything other than to impose that sentence. *See Ex parte McIver,* 586 S.W.2d 851, 854 (Tex.Crim.App.1979); *Smith v. State,* 479 S.W.2d 680, 681 (Tex.Crim.App. 1972); *Tufele v. State,* 130 S.W.3d 267, 273–74 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *see also Ex parte Pena,* 71 S.W.3d 336, 339 (Tex.Crim.App.2002) (Holcomb, J., dissenting). A trial court possesses plenary power over its judgments for at least thirty days after the entry of judgment. *See State v. Aguilera,* 165 S.W.3d 695, 697–98 (Tex.Crim.App.2005) ("[T]rial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judgment is filed within 30 days of sentencing."). And the State may ask the trial court to correct a void sentence. *Banks v. State,* 29 S.W.3d 642, 645 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) ("We find no legal restriction that prevents the State from filing a motion to re—sentence to correct a void sentence."). As Judge Cochran wrote for the Texas Court of Criminal Appeals, "There has never been anything in Texas law that prevented *any* court with jurisdiction over a criminal case from noticing and correcting an illegal sentence." *Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App. 2003). A sentence is illegal and void if it is "not within the universe of punishments applicable to the offense." *Ex parte Johnson,* 697 S.W.2d 605, 607 (Tex.Crim.App. 1985).

██ A nunc pro tunc judgment is appropriate to correct clerical errors in a judgment. A clerical error is one "in

---

1. In an objection filed with this Court, Appellee asks us to strike the affidavits for failure to comply with Texas Rule of Appellate Procedure 34.5 and because the mental processes of jurors are "protected from inquiry," presumably a reference to Texas Rule of Evidence 606(b). We overrule that request. The affidavits were filed along with a postjudgment motion and therefore are properly within the appellate record. *See* TEX.R.APP. P. 34.5(a)(6) (Absent an agreement of the parties, the record must include copies of "any post—judgment motion").

which no judicial reasoning contributed to its entry, and for some reason was not entered of record at the proper time." *State v. Bates,* 889 S.W.2d 306, 309 (Tex. Crim.App.1994); *see also* TEX.R.APP. P. 23.1, 23.2. Nunc pro tunc orders are not appropriate to address "judicial errors," errors that are the product of judicial reasoning or determination. *Bates,* 889 S.W.2d at 309; *Wilson v. State,* 677 S.W.2d 518, 521 (Tex.Crim.App.1984).

### Analysis

■■■ Appellee was eligible for community supervision, and the sentence imposed by the jury was not void because it was within the range of available punishment. *See* TEX. PENAL CODE ANN. §§ 12.33, 22.011(f) (Vernon 2006); TEX.CODE CRIM. PROC. ANN. art. 42.12 § 4(d) (Vernon 2006). Nor was a nunc pro tunc judgment appropriate to reform the punishment verdict. A nunc pro tunc judgment requires that there be proof that the proposed sentence was actually rendered at an earlier time but that the written judgment fails to reflect it. *See Jones v. State,* 795 S.W.2d 199, 201, 202 n. 7 (Tex.Crim.App.1990).

Nothing in the written verdict form specifically supports the interpretation of the verdict now advanced by the State. The jurors simply filled in the spaces on the form to indicate that they found Appellee was eligible for probation and to recommend that he be placed on probation for a period of five years.[2] Therefore, the punishment verdict recited by the trial court and acknowledged by the jurors before they were discharged is the only verdict that was rendered. Accordingly, the trial court did not err when it did not substitute

the proposed alternate interpretation of the verdict by way of nunc pro tunc judgment because there is no disparity between the verdict rendered and the written judgment.

■■■ The State also argues that the trial court had authority under Article 37.10 of the Texas Code of Criminal Procedure to alter the punishment verdict. Article 37.10(b) requires the trial court, and this court if necessary, to reform a verdict when a jury imposes both a punishment authorized by law and an unauthorized punishment. TEX.CODE CRIM. PROC. ANN. art. 37.10(b) (Vernon 2006). The same article also allows the trial court to formalize an informal verdict. *See id.* art 37.10(a). Neither scenario is present here. The written verdict of the jury does not contain an unauthorized punishment and it was not an informal verdict. Therefore, the State was not entitled to relief pursuant to Article 37.10.

■■■ Finally, the State argues that it is entitled to relief pursuant to Article 2.03(b) of the Texas Code of Criminal Procedure. Article 2.03(b) provides that it is the duty of the trial court, the attorney representing the accused, and the attorney representing the state "to conduct themselves as to insure a fair trial for both the state and the defendant...." *Id.* But this does not mean that the State is entitled to the relief requested: a nunc pro tunc judgment in this context or reformation pursuant to Article 37.10. For the reasons explained above, those procedural vehicles do not apply to this scenario. A motion for new trial might reach an instance where the jury verdict as reported does not reflect the verdict of the jury. But a motion for

---

**2.** In relevant part, the jury's punishment verdict is as follows, with the foreperson's handwritten entries in italics, "We, the Jury, find that the Defendant, Donald Dudley, *has not* before been convicted of a felony in this or

any other state." "We, the Jury, *do* recommend that the Defendant's confinement be probated. We, the Jury, *do not* recommend that the Defendant's fine, if any be probated."

new trial is not available to the State,[3] the State did not file a motion for a new trial, and the State did not complain either to the trial court or on appeal that the failure of the rules to allow a motion for new trial violates Article 2.03. Therefore, we conclude that the trial court did not err by failing to grant relief pursuant to Article 2.03(b).

Though not addressed by either party, our research has revealed authority for changing a verdict where, because of a clerical error, the expressed verdict was not the jury's agreed upon verdict. *See, e.g., Caylat v. Houston E. & W.T.R. Co.,* 113 Tex. 131, 141–42, 252 S.W. 478, 482 (Tex.Com.App.1923) ("We hardly think necessary further discussion of the rule announced in the American and English courts to the effect that a unanimous mistake in the nature of a clerical error in announcing or transcribing a verdict already arrived at may be shown by affidavits or testimony of the jurors themselves; and when clearly established may be relieved against."); *H.E. Butt Grocery Co. v. Pais,* 955 S.W.2d 384, 388 (Tex.App.-San Antonio 1997, no pet.); *Hoffman v. Deck Masters, Inc.,* 662 S.W.2d 438, 442–43 (Tex.App.-Corpus Christi 1983, no writ).

We cannot conclude that this line of authority authorizes relief for the State for several reasons. First, the cases reciting this rule are civil cases, and we have found no application of this principle to criminal cases. Second, these cases depend procedurally on a motion for new trial, which, in a criminal case, may be filed only by a defendant.

---

3. *See* Tex.R.App. P. 21.1, 21.4; *Johnson v. State,* 894 S.W.2d 529, 534 (Tex.App.-Austin 1995, no pet.) (construing the previous rule); *but see Banks,* 29 S.W.3d at 645 (allowing the State to ask the trial court to correct a void sentence); *see also H.E. Butt Grocery Co. v.*

Third, it is not clear that this rule survives the revision of Texas Rule of Evidence 606(b) in 1998. Prior to 1905, Texas followed Lord Mansfield's rule that jurors could not impeach their verdict. *See* Cathy Cochran, Texas Rules of Evidence Handbook 575–76 (5th ed.2003). From 1905 until 1998, Texas allowed substantially more testimony from jurors following a verdict—an allowance that all but ended with the enactment of the current Rule 606(b). *Id.* at 576. The current Rule 606(b) prohibits inquiry into any matter or statement occurring during deliberations. The rule does not specifically prevent a juror from testifying that the rendered verdict is not the verdict of the jury. But it also does not specifically allow such inquiry, and the current rule is more restrictive than was the previous version. *See also Pate v. Texline Feed Mills, Inc.,* 689 S.W.2d 238, 243 (Tex.App.-Amarillo 1985, writ ref'd n.r.e.) ("Each party has the implicit duty to promptly examine the written jury verdict and promptly request a jury poll before the jury is discharged so that any clerical error in the verdict may be corrected, or the jury may be retired for further deliberation, if necessary."). For these reasons, we conclude that the *Caylat* rule does not apply to this situation. We overrule the State's sole issue.

### ADMISSION OF EVIDENCE

In his first cross issue, Appellee complains that the trial court erred when it did not allow him to ask the complaining witness about her prior sexual conduct.[4]

### Applicable Law

Evidence of a complaining witness's past sexual behavior, either in the form of spe-

---

*Pais,* 955 S.W.2d 384, 388 (Tex.App.-San Antonio 1997, no pet.) (remedy if jury has been discharged is new trial).

4. The State did not respond to any of Appellee's cross issues.

cific instances of conduct or reputation or opinion evidence, is not admissible in a criminal trial for sexual assault. *See* Tex.R. Evid. 412(a), (b). There are exceptions for evidence that (A) is necessary to rebut or explain scientific or medical evidence offered by the State, (B) is of past sexual behavior with the accused offered by the accused upon the issue of whether the alleged victim consented to the charged sexual behavior, (C) relates to the motive or bias of the alleged victim, (D) is admissible under Rule 609, or (E) is constitutionally required to be admitted. Tex.R. Evid. 412(b)(2)(A)-(E). Even if it meets one of the exceptions, such evidence is inadmissible unless its probative value outweighs the danger of unfair prejudice. Tex.R. Evid. 412(b)(3).

■ A trial court has considerable discretion in determining whether to exclude or admit evidence. *See Montgomery v. State*, 810 S.W.2d 372, 379 (Tex.Crim. App.1991) (op. on reh'g); *Rogers v. State*, 183 S.W.3d 853, 857 (Tex.App.-Tyler 2005, no pet.). Absent an abuse of discretion, we will not disturb a trial court's decision to admit or exclude evidence. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex.Crim. App.2005). Under this standard, we will uphold a trial court's evidentiary ruling so long as the ruling is within the "zone of reasonable disagreement." *Id.*

### Analysis

■ Appellee argues that he should have been permitted to question the complaining witness about her other sexual conduct because she had made prior false allegations of sexual assault and because her statements to the police about the conduct were inconsistent with the impression given by her trial testimony. The first argument was not made at trial and is waived. *See* Tex.R.App. P. 33.1(a)(1); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.

Crim.App.1995); *Clark v. State*, 881 S.W.2d 682, 694 (Tex.Crim.App.1994) ("As appellant did not sufficiently clearly expressly offer the evidence for the purpose which he now claims on appeal, such is not a basis for complaint on appeal."). Appellee never suggested to the trial court that the evidence should be admitted to show a prior false claim and, indeed, the evidence does not show a prior false claim.

■ With respect to the second argument, Appellee asserts that the complaining witness's testimony that she was in love with Appellee is inconsistent with her other conduct. The trial court determined that the other conduct was not necessarily inconsistent with her trial testimony, did not fit into one of the exceptions to Rule 412, did not bear on the question of whether the sexual assault occurred, and was unduly prejudicial. We agree.

■ Generally, a witness who creates a false impression while testifying may be cross examined about previous statements or actions inconsistent with that impression. *See Pyles v. State*, 755 S.W.2d 98, 115 (Tex.Crim.App.1988). In this case, it is not clear that the complaining witness created a false impression by her testimony. Even if she did, we do not understand this principle to be an exception to Texas Rule of Evidence 412, and Appellee has not shown an exception that applies.

Instead, citing *Staley v. State*, 888 S.W.2d 45 (Tex.App.-Tyler 1994, no pet.), Appellee argues that the rule of admissibility for prior inconsistent statements should be liberally construed if it shows the promise of exposing a falsehood. That case is inapposite here. Appellee never suggested that the complaining witness's testimony about her affection for him was a falsehood. Instead, he argued from the beginning of the trial that the witness had affection for him, was in love with him,

desired a relationship with him, and only fabricated the sexual assault after he rebuffed her.[5] In the context of this case, therefore, the only falsehood to be explored was whether the complaining witness was telling the truth about the other conduct. As the trial court correctly observed, the answer to that question was not pertinent to the question of whether Appellee sexually assaulted the witness.

The trial court did not abuse its discretion when it found that the proposed line of inquiry violated Rule 412 and would not produce relevant information. We overrule Appellee's first cross issue.

### SUFFICIENCY OF THE EVIDENCE

In his second cross issue, Appellee argues that the evidence was factually insufficient to support the conviction. Specifically, Appellee argues that the complaining witnesses lacked credibility and that her testimony was not corroborated.

### *Standards of Review*

Evidence must be factually sufficient to support a criminal conviction. *See Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex.Crim.App.1996). We review the factual sufficiency of the evidence in a neutral light, and we determine whether the evidence supporting the verdict is so obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim.App.2000); *see also Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App.2006) (Evidence is factually insufficient only when reviewing court objectively concludes that the great weight and preponderance

of the evidence contradicts the jury's verdict.).

Under either standard, our role is that of appellate review, and the fact finder is the sole judge of the weight and credibility of a witness's testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111–12 (Tex. Crim.App.2000). The fact finder may choose to believe all, some, or none of a witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

As alleged in the indictment, the State was required to prove that the complaining witness was a child younger than seventeen and not Appellee's spouse and that Appellee intentionally or knowingly caused the penetration of her sexual organ with his sexual organ and his finger. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (Vernon 2006).

### *Analysis*

With respect to the sufficiency of the evidence, Appellee argues that there was no specific corroboration of the complaining witness's testimony about the sexual assault, that she could not be believed generally, and that his own testimony that there was no sexual assault directly con-

---

**5.** Early in his opening statement, Appellee's counsel said, "[The complaining witness] is a girl who had—has had a crush on her teacher, just like the State said. We contend that

the crush wasn't returned. But [the witness], wanting the attention, creates something where nothing exists. She wants more. She wants a relationship."

tradicted the complaining witness's testimony.

The complaining witness testified that the assault occurred as alleged in the indictment. She was not Appellee's spouse and she was under the age of seventeen at the time of the assault. Her uncorroborated testimony is sufficient to support a conviction for sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(b)(1) (Vernon 2006); *Satterwhite v. State,* 499 S.W.2d 314, 315 (Tex.Crim.App.1973); *Jensen v. State,* 66 S.W.3d 528, 534 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd). There was circumstantial evidence that corroborated her testimony, including testimony by one of her friends that she took the complaining witness to Appellee's house, a friend of the family who testified that Appellee brought her back many hours later, and Appellee's admissions regarding the time the two spent together as well as their prodigious contacts by text message, e-mail, and telephone. Against this evidence was Appellee's testimony that the sexual assault did not occur and some circumstantial evidence that called the complaining witness's account into question.

 Our review of the factual sufficiency of the evidence must not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App.1997). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *See Van Zandt v. State,* 932 S.W.2d 88, 96 (Tex.App.-El Paso 1996, pet. ref'd). Appellee's testimony and the testimony of the complaining witness conflict. It was the task of the jury to resolve that conflict and their resolution of that conflict was reasonable. Our review of the evidence does not show that the evidence is too weak to support the verdict

standing alone or that the evidence is outweighed by contrary proof. We overrule Appellee's second cross issue.

## JURY ARGUMENT

In his third cross issue, Appellee argues that the trial court should have granted two motions for mistrial that he made during the State's closing arguments. The first motion for mistrial came after the State argued that the complaining witness had no reason to fabricate her claim. Rhetorically, the State's attorney asked, "What does this get her?" He then proceeded to describe the indignity of the sexual assault examination and remarked that the complaining witness had gone through eight months of counseling. Appellee objected, and the trial court ruled that it would not allow argument about the eight months of counseling. Appellee moved for a mistrial. The trial court denied the motion for a mistrial but ordered the jury not to consider the comment and to decide the case based on the evidence presented.

The second motion was made after the State argued that if the jury did not believe the complaining witness, "[T]he message gets around real quick. 'You know those people in Smith County, they don't listen to children. You want to find a young girl you can statutorily rape, you come to Smith County.'" Appellee objected. The trial court sustained the objection and instructed the jury not to consider those comments. Appellee moved for a mistrial, and the court denied the motion.

### Applicable Law

 The four permissible areas of jury argument are (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to the argument of opposing counsel, and (4) pleas for law enforcement. *See Wilson v. State,* 7 S.W.3d 136, 147 (Tex.Crim.App.1999). We

review the denial of a motion for mistrial for an abuse of discretion. *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex.Crim.App. 2003). Mistrial is only appropriate for highly prejudicial and incurable errors. *Id.* It may be used to end trial proceedings when faced with error so prejudicial that expenditure of further time and expense would be wasteful and futile. *Id.*

### Analysis

■ The first argument, regarding eight months of counseling, presents little difficulty. The trial court had permitted the complaining witness's mother to testify that the girl had been in counseling. Appellee does not allege a particular harm from the argument other than that it was an intentional insertion of facts that were not in evidence. But those facts were in evidence. The inference the State sought to draw from them was poorly supported, but on balance, the trial court's admonition was sufficient to rectify whatever harm, if any, accrued to Appellee.

■ The second argument is a variation on an argument asking the jury to send a message to the community. Commonly these arguments are in terms of asking the jury to reach a particular verdict to show their displeasure with certain conduct, and these arguments have not been held to constitute reversible error. *See McGee v. State*, 774 S.W.2d 229, 240 (Tex.Crim.App.1989) ("We have reviewed, however, the prosecutor's arguments and have determined that, in effect, the prosecutor asked the jury to send a message to the community that it will not tolerate violence within its own community."); *Goocher v. State*, 633 S.W.2d 860, 864 (Tex. Crim.App. [Panel Op.] 1982) ("I am asking you to enforce it. I'm asking you to do what needs to be done to send these type of people a message to tell them we're not tolerating this type of behavior in our county."); *Barcenes v. State*, 940 S.W.2d 739, 749 (Tex.App.-San Antonio 1997, pet. ref'd) ("You know, you're here because you have been chosen by the community to make the decision, and that's it.... Don't send a message to the community that you're going to believe...."). But an argument is improper if it suggests that the community requires or expects a certain verdict. *Pennington v. State*, 171 Tex. Crim. 130, 131–33, 345 S.W.2d 527, 528–29 (1961). This is so in part because the sentiments of the community are not in evidence. *Id.* As the court of criminal appeals observed in *Cortez v. State*, 683 S.W.2d 419, 421 (Tex.Crim.App.1984), it is appropriate to ask "the jury to be the voice of the community," but not to ask "the jury to lend its ear to the community."

■ The trial court ruled that the argument was improper. The State does not argue otherwise. The trial court's conclusion is a reasonable one because the argument conveys to the jury that there are people in the world who, in search of the most amenable county to "statutorily rape" children, would decide where to offend based on the jury's decision in this case. Much like the community sentiment in favor of conviction or a particular sentence, proof of the described phenomenon is not within the evidence of this case. Theories about the general deterrent effect of the prompt and fair enforcement of the law can be argued without resort to such argument.

■ The question is whether the argument required the trial court to declare a mistrial. To require a new trial, an impermissible argument must have been a willful and calculated effort by the State to deprive a defendant of a fair and impartial trial. *See Wesbrook*, 29 S.W.3d at 115. Only offensive or flagrant error warrants reversal when, as there was here, there

has been an instruction to disregard. *Id.* at 116.

 Improper jury argument is nonconstitutional error, which we must disregard unless it affected Appellee's substantial rights. *See* Tex.R.App. P. 44.2(b); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim.App.1998). A substantial right is affected when the error has a "substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). The court in *Mosley* recognized three factors to consider in evaluating improper arguments: (1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Mosley*, 983 S.W.2d at 259.

 Appellee argues that a new trial, or an acquittal, is necessary and cites *Castillo v. State*, No. 14–03–00034–CR, 2005 WL 1294461, 2005 Tex.App. LEXIS 1382 (Tex.App.-Houston [14th Dist.] 2005, pet ref'd) (mem. op., not designated for publication) to support his argument. *Castillo* does not support the relief requested. In that case, the court of appeals held that an argument similar to the one made here did not require a mistrial. *Id.*, 2005 WL 1294461, at *8 n. 5, 2005 Tex.App. LEXIS 1382, at *23–24 n. 5. In *Castillo* and here, the severity of the misconduct was not great. The State's argument was a variation of a perfectly acceptable plea for law enforcement. While improper, we do not conclude that it was a willful or calculated effort to deprive Appellee of a fair trial.

Further, the curative measures were substantial. The district court judge forcefully and directly admonished the jury not to consider the State's argument immediately after a contemporaneous objection. A conviction was not certain in this case, but on balance, we conclude that the State's argument was not so offensive or flagrant that the trial was rendered fundamentally unfair.

The trial court did not abuse its discretion when it denied Appellee's motions for mistrial. We overrule Appellee's third cross issue.

### CONCLUSION

The trial court did not err when it entered the punishment verdict rendered and acknowledged by the jury. The evidence was factually sufficient to support the conviction, and the trial court did not err when it did not declare a mistrial during closing argument or when it did not permit Appellee to cross examine the complaining witness about her prior sexual conduct. We ***affirm*** the judgment of the trial court.