Affirmed and Memorandum Opinion filed June 25, 2009








Affirmed
and Memorandum Opinion filed June 25, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00722-CR

____________

 

MANUEL BECERRA-CAMPOS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Court at
Law No. 1

Smith County, Texas

Trial Court Cause No. 001-83387-07

 



 

M E M O R A N D U M   O P I N I O N

Appellant
Manuel Becerra-Campos challenges his conviction following a bench trial for
misdemeanor driving while intoxicated (DWI).  The trial court assessed
punishment at confinement for 180 days and a $500 fine.  Appellant=s sentence was suspended by the trial
court except for $200 of the $500 fine, and appellant was placed on community
supervision for 20 months.  Appellant contends that the evidence was legally
and factually insufficient to support the trial court=s finding of intoxication.  We
affirm.








Background

At
approximately 1:00 a.m. on April 29, 2007, Texas Highway Patrol Trooper Michael
Bortz was monitoring traffic in Tyler with a radar gun when he noticed a red
truck traveling at 62 miles per hour in a 50-mile-per-hour speed zone.  Trooper
Bortz stopped the truck for speeding.  Trooper Bortz identified appellant in
open court as the driver of the truck in question.

Upon
making contact with appellant after stopping the truck, Officer Bortz
immediately noticed a strong and distinct odor of alcohol on appellant=s breath, and that appellant had
glassy, bloodshot eyes.  Trooper Bortz found two open beer cans with some beer
still in them on the floorboard of appellant=s truck.  

During
his conversation with appellant, Trooper Bortz noticed that English was not
appellant=s first language.  Because no other officers who spoke Spanish were
available at the time and Trooper Bortz concluded that appellant was able to
understand him sufficiently, Trooper Bortz continued his investigation.

After
directing appellant and his passenger to exit the truck, Trooper Bortz asked
appellant if he had been drinking alcohol.  Appellant initially denied drinking
that evening but eventually admitted drinking Aa couple of beers@ at a local club earlier in the
night.  Trooper Bortz then administered three standardized field sobriety tests
to appellant: (1) the horizontal gaze nystagmus (HGN) test; (2) the
walk-and-turn test; and (3) the one-leg stand test.  Appellant=s performance on each test and the
totality of the circumstances led Trooper Bortz to form the opinion that
appellant was intoxicated.  Trooper Bortz arrested appellant.

Trooper
Bortz then questioned appellant=s passenger, who had no noticeable odor of alcohol on his
breath and who denied having had any alcohol that evening.  Based on his
investigation, Trooper Bortz concluded that the two partially full beer cans in
the truck belonged to appellant.








After
releasing appellant=s truck into the custody of appellant=s passenger, Trooper Bortz
transported appellant to jail.  Trooper Bortz read appellant the required
statutory DWI warnings in English and gave appellant a copy of the warnings
printed in Spanish.  Trooper Bortz asked appellant to take a breathalyzer test
but appellant declined to do so.

At
trial, Trooper Bortz testified to the above facts and added that appellant
swayed, staggered, and was unsteady on his feet, and had slurred, thick-tongued
speech.  Trooper Bortz further testified that his patrol car was equipped with
a video camera that recorded his traffic stop of appellant on April 29, 2007. 
The State offered this video into evidence and published it to the trial
court.  Trooper Bortz testified that the video was a fair and accurate
representation of his encounter with appellant on April 29, 2007.

On the
video, appellant referred to his boots as being Atoo big.@  Trooper Bortz testified that, in
his opinion, the boots should not have precluded appellant from performing the
walk-and-turn test properly.  Trooper Bortz testified that appellant=s swaying, unsteadiness, and glassy,
bloodshot eyes were not apparent in the video.  Trooper Bortz also testified
that his opinion that appellant was intoxicated when he stopped appellant did
not change after watching the video of the April 29 stop.  

Trooper
Bortz testified that nearly two months transpired between stopping appellant
and completing his offense report of the stop, and that he was not A100 percent certain@ that he found both open containers
of beer on appellant=s side of the truck.  Trooper Bortz also testified that
appellant pulled over safely once Trooper Bortz signaled for him to stop, and
that appellant had been driving safely except for speeding.  

Trooper
Bortz admitted during cross-examination that he failed to properly instruct
appellant how to perform the walk-and-turn and one-leg stand tests, and that
the results of those two tests therefore were invalidated.  Trooper Bortz further
testified that he did not ask appellant if he had suffered a concussion or
other type of brain injury prior to administering the HGN test, and that such a
question is required according to his training.








Appellant
offered no evidence in his defense.  The trial court found appellant guilty of
misdemeanor DWI as charged in the information and signed its judgment on July
7, 2008, imposing a sentence of confinement for 180 days and a $500 fine. 
Appellant=s sentence was suspended by the trial court except for $200 of the $500
fine, and appellant was placed on community supervision for 20 months. 
Appellant appeals from this judgment.

Analysis

Appellant
challenges both the legal and factual sufficiency of the evidence to support
the trial court=s finding that he was intoxicated.  Appellant does not
challenge the trial court=s findings regarding the other elements of the offense charged. 


I.          Legal Sufficiency    

The
offense of misdemeanor driving while intoxicated contains three elements: (1)
operation of a motor vehicle; (2) while intoxicated; (3) in a public place.  See
Tex. Penal Code Ann. _ 49.04(a), (b) (Vernon 2003).  AIntoxicated@ is defined as Anot having the normal use of mental
or physical faculties by reason of the introduction of alcohol . . . into the
body.@  Id. _ 49.01(2)(A) (Vernon 2003). 
Appellant challenges only the trial court=s finding regarding the element of
intoxication.  

In
reviewing legal sufficiency of the evidence, an appellate court will examine
the evidence in the light most favorable to the State to determine whether any
rational finder of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 
The court does not sit as a juror and may not re-evaluate the weight and
credibility of the record evidence or substitute its judgment for that of the
fact finder.  Dewberry, 4 S.W.3d at 740.








Reconciliation
of conflicts in the evidence is within the exclusive province of the fact
finder.  See Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998)
(en banc).  The appellate court=s duty is not to reweigh the evidence, but to serve as a
final due process safeguard ensuring only the rationality of the fact finder.  See
Williams v. State, 937 S.W.2d 479, 483 (Tex. Crim. App. 1996).  An
appellate court faced with a record of facts that supports conflicting
inferences must presume C even if not obvious from the record C that the finder of fact resolved any
such conflicts in favor of the State, and must defer to that resolution.  Jackson,
443 U.S. at 326.

The
opinion testimony of the arresting officer alone is legally sufficient to
support a finding of intoxication.  See Annis v. State, 578 S.W.2d 406,
407 (Tex. Crim. App. [Panel Op.] 1979); Crawford v. State, 643 S.W.2d
178, 180 (Tex. App.CTyler 1982, no pet.).  A defendant=s refusal to take a breathalyzer test
may be considered by the fact finder as evidence of intoxication. Bartlett
v. State, 270 S.W.3d 147, 149 (Tex. Crim. App. 2008).

Trooper
Bortz testified to the following at trial: (1) appellant was driving 12 miles
per hour over the speed limit when Trooper Bortz initiated the traffic stop;
(2) there was a distinct odor of alcohol on appellant=s breath; (3) appellant had glassy,
bloodshot eyes; (4) appellant admitted to drinking Aa couple of beers@ earlier in the evening; (5) Trooper
Bortz found two open beer cans on the floorboard of appellant=s truck; (6) appellant=s performance on all three field
sobriety tests strongly indicated that appellant was intoxicated; (7) appellant
swayed, staggered, and was unsteady on his feet; (8) appellant had slurred,
thick-tongued speech; (9) appellant declined to take a breathalyzer test; and
(10) it was Trooper Bortz=s opinion that appellant was intoxicated.  Even ignoring the
results of the improperly administered field sobriety tests, a rational fact
finder viewing this evidence in the light most favorable to the State could
have found beyond a reasonable doubt that appellant was intoxicated.  See
Jackson, 443 U.S. at 319; Dewberry, 4 S.W.3d at 740. 

We
overrule appellant=s issue regarding legal sufficiency of the evidence to
support the trial court=s finding that appellant was intoxicated.








II.        Factual
Sufficiency 

When
conducting a factual sufficiency review, an appellate court must determine
whether (1) the evidence introduced to support the verdict is Aso weak@ that the fact finder=s verdict seems Aclearly wrong and manifestly unjust,@ and (2) the contrary evidence is so
strong that the standard of proof beyond a reasonable doubt could not have been
met.  Prible v. State, 175 S.W.3d 724, 730-31 (Tex. Crim. App. 2005). 
We view the evidence in a neutral light in a factual sufficiency review.  Id.

In order
to declare that an evidentiary conflict justifies a new trial, an appellate
court must rely on some objective basis in the record demonstrating that the
great weight and preponderance of the evidence contradicts the fact finder=s verdict.  See Lancon v. State,
253 S.W.3d 699, 706-07 (Tex. Crim. App. 2008).  An appellate court should not
intrude upon the fact finder=s role as the sole judge of the weight and credibility of
witness testimony.  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim.
App. 2002).  

The fact
finder may choose to believe some, all, or none of a witness=s testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc); State v. Dudley,
223 S.W.3d 717, 725 (Tex. App.CTyler 2007, no pet.).  Due deference must be given to the
fact finder=s determinations concerning the weight and credibility of the evidence,
and reversal of those determinations is only appropriate to prevent the
occurrence of a manifest injustice.  Martinez v. State, 129 S.W.3d 101,
106 (Tex. Crim. App. 2004).

In cases
based upon circumstantial evidence, it is not required that all facts point to
a defendant=s guilt; it is sufficient if the combined and cumulative force of all of
the incriminating circumstances warrants the conclusion of guilt.  Hooper v.
State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  








Appellant
highlights the following evidence in support of his contention that the
evidence was factually insufficient to support the trial court=s finding of intoxication: (1) the
glassy, bloodshot eyes and swaying, staggering, and unsteadiness about which
Trooper Bortz testified were not apparent in the video of the April 29, 2007
traffic stop; (2) Trooper Bortz testified that he could not be A100 percent certain@ that he found both open beer cans on
appellant=s side of the truck; (3) Trooper Bortz failed to ask appellant if he had
suffered a concussion or any other type of brain injury when administering the
HGN test;[1] (4) Trooper
Bortz admitted during cross-examination that the results of the one-leg stand
and walk-and-turn tests had been invalidated by his improper instructions; and
(5) Trooper Bortz testified that appellant pulled over promptly and safely when
signaled to do so, and had been driving safely except for speeding.  Appellant
also asserts that Trooper Bortz=s remaining testimony must be called into question because of
(1) the nearly two-month interval between the traffic stop and completion of
the offense report; (2) Trooper Bortz=s failure to administer the field
sobriety tests in accordance with his training; and (3) asserted
inconsistencies and contradictions between Trooper Bortz=s testimony and the video of the
traffic stop.[2]








However,
even if we were to ignore the results of the improperly administered field
sobriety tests, the record still contains ample evidence supporting the trial
court=s finding that appellant was
intoxicated.  In Cotton v. State, 686 S.W.2d 140, 142 n.3 (Tex. Crim.
App. 1985) (en banc), the Court of Criminal Appeals listed six non-exclusive,
non-mandatory indicators of intoxication: (1) slurred speech; (2) bloodshot
eyes; (3) unsteady balance; (4) staggered gait; (5) odor of alcohol on breath;
and (6) odor of alcohol on person.  Trooper Bortz testified to observing five
of these indicators when he stopped appellant.  See id.  Trooper Bortz
also testified that appellant admitted to drinking Aa couple of beers@ earlier in the evening.  Trooper
Bortz found two open beer cans on the floorboard of appellant=s truck.  Appellant declined to take
a breathalyzer test, which the trial court may view as evidence that appellant
was intoxicated.  See Bartlett, 270 S.W.3d at 149.  The trial court was
free to believe as much of Trooper Bortz=s testimony as it chose.  See
Sharp, 707 S.W.2d at 614; Dudley, 223 S.W.3d at 725.

Viewing
the evidence in this case in a neutral light, we conclude that it is factually
sufficient to support the trial court=s finding that appellant was
intoxicated.  See Prible, 175 S.W.3d at 730-31.  The trial court=s finding is neither clearly wrong
nor manifestly unjust.  See Lancon, 253 S.W.3d at 706-07; Prible,
175 S.W.3d at 730-31; Martinez, 129 S.W.3d at 106.

We
overrule appellant=s issue regarding factual sufficiency of the evidence to
support the trial court=s finding that appellant was intoxicated.

Conclusion

The
trial court=s judgment is affirmed.

 

/s/      William J. Boyce

Justice

 

 

Panel consists of
Justice Anderson, and Justices Guzman and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]           Appellant relies on Emerson v. State,
880 S.W.2d 759, 768 (Tex. Crim. App. 1994) (en banc), to support his contention
that the results of the HGN test were wholly invalidated by Trooper Bortz=s failure to ask appellant about previous head
injuries.  Appellant misplaces his reliance on Emerson, however, because
the question before the Court of Criminal Appeals in that case was whether the
HGN technique designed and promoted by the National Highway Traffic Safety
Administration (NHTSA) was reliable for purposes of admissibility of expert
testimony under Texas Rule of Evidence 702; the Court did not hold that failure
to adhere to NHTSA standards invalidated the test results.  See id. at
768-69. 





[2]           In addition to the asserted inconsistencies
and contradictions already described above, appellant also highlights the
following: (1) Officer Bortz testified to his belief that appellant could
understand his instructions well enough to allow for use of the field sobriety
tests, but then explained that he misunderstood appellant=s complaints about his boots being too big to perform
the walk-and-turn test properly; and (2) Trooper Bortz initially testified that
he had emptied out the two beer cans he found in appellant=s truck and threw them in the truck bed, but later
testified that he threw one of the cans to the ground toward the back of the
truck as shown on the video of the April 29, 2007 traffic stop.