

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00183-CR

_____

WILLIAM HOWARD NELSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 07F0228-202

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

William Howard Nelson was convicted by a Bowie County jury of aggravated assault. The jury also assessed punishment; the jury found two enhancement allegations true and assessed a sentence of thirty years' incarceration and a fine of $10,000.00.[1] On appeal, Nelson claims that the trial court did not have jurisdiction to enter a sentence of thirty years for a second degree felony and that an error in the trial court's judgment renders the judgment void. We overrule Nelson's points of error and affirm the trial court's judgment and sentence.

## I. Judgment Nunc Pro Tunc

Nelson's two points of error concern the trial court's judgment and sentence; the underlying facts of the case are not in dispute. After finding Nelson guilty of aggravated assault, the jury heard evidence on punishment. First, the prosecutor read two enhancement allegations, one alleging a prior felony conviction for possession of a controlled substance in Arkansas, and another alleging a prior felony conviction in Texas. Nelson pled "true" to both allegations. The State then offered two pen packets, one of which (State's exhibit 7) proved the Arkansas conviction; the other (State's exhibit 8) proved the Texas conviction. The trial court's charge to the jury instructed the jury that Nelson had pled "true" to the two enhancement allegations; the jury was instructed to find those allegations true and issue a sentence of not less than twenty-five years,

---

[1] In neither the trial court's judgment nor its later amended judgment was the fine imposed. Section 12.42(d) of the Texas Penal Code does not provide for a fine, despite the trial court's including that provision in its charge. TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2009).

not more than ninety-nine years, or life imprisonment. The jury's verdict found the two enhancement allegations "true" and assessed a sentence of thirty years. Aggravated assault is a second degree felony, with a range of punishment of not less than two, not more than twenty years' incarceration. TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2009). With two adequately proved enhancement allegations, that range of punishment is increased to not less than twenty-five, not more than ninety-nine years in prison, or life. TEX. PENAL CODE ANN. § 12.42(d).

Notwithstanding Nelson's pleas of "true" to the two enhancement claims, and the jury's verdict, the trial court's judgment states "N/A" in the blanks for pleas to enhancement paragraphs and findings on enhancement paragraphs. Nelson claims, in his first point of error, that because, according to the judgment, there was no finding on any enhancement allegation, the crime for which he was convicted was still a second degree felony. Therefore, reasons Nelson, the trial court was without jurisdiction to sentence him beyond the second degree felony punishment range of not less than two, not more than twenty years. In his second point of error, Nelson claims the sentence is void because it is outside the statutory range of punishment for a second degree felony.

The State responds that the trial court judgment contains a clerical error and directs us to an amended, or nunc pro tunc, judgment in the trial court's file. The amended judgment correctly reflects Nelson's pleas of "true" to the two enhancement allegations read to the jury and indicates the trial court found both allegations to be true. As a general rule, when the oral pronouncement

3

of sentence and the written judgment differ, the oral pronouncement controls. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005); *see also Ex parte Thompson*, 273 S.W.3d 177, 178 n.3 (Tex. Crim. App. 2008) (when oral pronouncement of sentence and written judgment vary, oral pronouncement controls and written judgment can be corrected via nunc pro tunc). A nunc pro tunc judgment is appropriate to correct clerical errors in a judgment. A clerical error is one "in which no judicial reasoning contributed to [its] entry, and for some reason [was] not entered of record at the proper time." *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *State v. Dudley*, 223 S.W.3d 717, 721–22 (Tex. App.—Tyler 2007, no pet.); *see also* TEX. R. APP. P. 23.1, 23.2. Nunc pro tunc orders are not appropriate to address "judicial errors," errors that are the product of judicial reasoning or determination. *Bates*, 889 S.W.2d at 309; *Dudley*, 223 S.W.3d at 722.

Nelson clearly pled "true" to the enhancement allegations, and the jury found them true. The original judgment did not accurately reflect those matters, and the trial court's amended judgment was an appropriate remedy to make the written judgment correctly reflect proceedings in the trial court and the trial court's pronounced sentence. *Jones v. State*, 795 S.W.2d 199, 202 n.1 (Tex. Crim. App. 1990) (purpose of nunc pro tunc order is to have court records accurately reflect judgment actually rendered). The trial court merely corrected a clerical error. As the judgment now correctly states that the enhancement allegations were found to be "true," there is nothing to

4

support Nelson's argument that based on the face of the judgment, his sentence was not within the statutory range of punishment. Accordingly, Nelson's two appellate points of error must fail.

## II.     The Enhancement Allegations

Although not initially raised by Nelson, upon our review of the record, we discovered some anomalies in the record. When the State first indicted Nelson, a prior felony conviction in Arkansas was alleged as an enhancing allegation. Later, the State amended the indictment; in the amended indictment: the Arkansas conviction was deleted and two Texas felony convictions were alleged for the purpose of enhancing Nelson's range of punishment. Then, when the State read the enhancement allegations at the beginning of the punishment phase of trial, rather than reading the enhancements in the amended indictment, the State read or announced the Arkansas conviction and one of the Texas convictions from the amended indictment. Nelson then entered a plea of "true" to the enhancement allegations. An explanation for this action appears to be that the two Texas convictions, alleged in the amended indictment, were rendered on the same day and resulted in concurrent sentences, thus defeating the sequencing requirement of Section 12.42(d) of the Texas Penal Code ("[t]he second previous felony is for an offense that occurred subsequent to the first previous conviction having become final . . . .").

5

Enhancement allegations which would increase a defendant's range of punishment do not have to be alleged in the indictment; the defendant, though, must be afforded adequate notice of the State's intent to seek a greater range of punishment. *Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997). Further, the Texas Court of Criminal Appeals has held that "due process does not even require that the notice be given before the guilt phase begins," and where the defendant does not offer a defense to the enhancement allegations or suggest he or she needs a continuance in order to prepare a defense, "notice given at the beginning of the punishment phase satisfies the federal constitution." *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006).

During the trial, it was apparent that the State was attempting to enhance Nelson's punishment with previous convictions. In voir dire, the State discussed the possibility that Nelson's sentencing range, if convicted, could be that of a second degree felony or twenty-five to ninety-nine years or life. Nelson made no objection, and he did not object to the punishment charge or evince any surprise that he faced the enhanced punishment range.[2] No defense was presented to these allegations, and no continuance was sought.

Once the State established its intent to seek the enhanced range of punishment, it had to adequately prove those allegations. Previously, the State had given Nelson notice that the

___

[2]Compare *Hughen v. State*, 265 S.W.3d 473 (Tex. App.—Texarkana 2008), *aff'd,* 297 S.W.3d 330 (Tex. Crim. App. 2009) (no error where defendant had notice well before and throughout trial State intended to seek enhanced punishment range; trial court ruled, at beginning of punishment, enhancement would not be allowed; following close of punishment evidence, but before reading the charge or allowing final argument, trial court allowed enhancement to be sought).

6

Arkansas conviction would be used as one of the enhancement allegations. While it might be argued (though Nelson does not) that the State abandoned the Arkansas conviction as an enhancing felony conviction after not re-alleging it in the amended indictment, such argument would not prevail. Even though the Arkansas conviction was no longer alleged in the indictment, Nelson was on notice (a) that the State intended to seek the higher range of punishment and (b) that the State was aware of the Arkansas conviction and the two Texas convictions. With this information, Nelson had ample opportunity to verify the accuracy of these previous convictions. Evidence of all three convictions, in the form of judgments and a Texas pen packet, were admitted at trial without objection, and Nelson distinctly pled "true" when the Arkansas conviction and one of the Texas convictions were read aloud to him at trial. Further, there was no objection when the jury was instructed concerning the use of the Arkansas conviction to enhance punishment.

There being adequate notice to Nelson of the State's intent, and sufficient proof (to which Nelson had no objections), we find no error in Nelson's being subjected to the enhanced range of punishment. We affirm the trial court's judgment and sentence, as amended by the trial court.

Jack Carter
Justice

Date Submitted: May 10, 2010
Date Decided: June 29, 2010

7

Do Not Publish