In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00183-CR

                                                ______________________________

 

 

                              WILLIAM HOWARD NELSON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 202nd
Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 07F0228-202

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

             

            William
Howard Nelson was convicted by a Bowie County jury of aggravated assault.   The jury also assessed punishment; the jury
found two enhancement allegations true and assessed a sentence of thirty years’
incarceration and a fine of $10,000.00.[1]  On appeal, Nelson claims that the trial court
did not have jurisdiction to enter a sentence of thirty years for a second
degree felony and that an error in the trial court’s judgment renders the
judgment void.   We overrule Nelson’s
points of error and affirm the trial court’s judgment and sentence.

I.          Judgment Nunc Pro Tunc

            Nelson’s
two points of error concern the trial court’s judgment and sentence; the
underlying facts of the case are not in dispute.   After finding Nelson guilty of aggravated
assault, the jury heard evidence on punishment.   First, the prosecutor read two enhancement
allegations, one alleging a prior felony conviction for possession of a controlled
substance in Arkansas, and another alleging a prior felony conviction in
Texas.  Nelson pled “true” to both
allegations.  The State then offered two
pen packets, one of which (State’s exhibit 7) proved the Arkansas conviction;
the other (State’s exhibit 8) proved the Texas conviction.  The trial court’s charge to the jury
instructed the jury that Nelson had pled “true” to the two enhancement
allegations; the jury was instructed to find those allegations true and issue a
sentence of not less than twenty-five years, not more than ninety-nine years,
or life imprisonment.   The jury’s
verdict found the two enhancement allegations “true” and assessed a sentence of
thirty years.   Aggravated assault is a
second degree felony, with a range of punishment of not less than two, not more
than twenty years’ incarceration.  Tex. Penal Code Ann. § 12.33 (Vernon
Supp. 2009).   With two adequately proved
enhancement allegations, that range of punishment is increased to not less than
twenty-five, not more than ninety-nine years in prison, or life.   Tex.
Penal Code Ann. § 12.42(d).  


            Notwithstanding
Nelson’s pleas of “true” to the two enhancement claims, and the jury’s verdict,
the trial court’s judgment states “N/A” in the blanks for pleas to enhancement
paragraphs and findings on enhancement paragraphs.   Nelson claims, in his first point of error,
that because, according to the judgment, there was no finding on any enhancement
allegation, the crime for which he was convicted was still a second degree
felony.  Therefore, reasons Nelson, the
trial court was without jurisdiction to sentence him beyond the second degree
felony punishment range of not less than two, not more than twenty years.   In his second point of error, Nelson claims
the sentence is void because it is outside the statutory range of punishment
for a second degree felony.

            The
State responds that the trial court judgment contains a clerical error and
directs us to an amended, or nunc pro tunc, judgment in the trial court’s
file.  The amended judgment correctly
reflects Nelson’s pleas of “true” to the two enhancement allegations read to
the jury and indicates the trial court found both allegations to be true.   As a general rule, when the oral
pronouncement of sentence and the written judgment differ, the oral
pronouncement controls.  Ex parte Huskins, 176 S.W.3d 818, 820
(Tex. Crim. App. 2005); see also Ex parte Thompson, 273 S.W.3d 177, 178
n.3 (Tex. Crim. App. 2008) (when oral pronouncement of sentence and written
judgment vary, oral pronouncement controls and written judgment can be
corrected via nunc pro tunc).  A nunc pro
tunc judgment is appropriate to correct clerical errors in a judgment.  A clerical error is one “in which no judicial
reasoning contributed to [its] entry, and for some reason [was] not entered of
record at the proper time.”  State v. Bates, 889 S.W.2d 306, 309
(Tex. Crim. App. 1994); State v. Dudley,
223 S.W.3d 717, 721–22 (Tex. App.—Tyler 2007, no pet.); see also Tex. R. App. P.
23.1, 23.2.  Nunc pro tunc orders are not
appropriate to address “judicial errors,” errors that are the product of
judicial reasoning or determination.  Bates, 889 S.W.2d at 309; Dudley, 223 S.W.3d at 722.

            Nelson
clearly pled “true” to the enhancement allegations, and the jury found them
true.   The original judgment did not
accurately reflect those matters, and the trial court’s amended judgment was an
appropriate remedy to make the written judgment correctly reflect proceedings
in the trial court and the trial court’s pronounced sentence.  Jones
v. State, 795 S.W.2d 199, 202 n.1 (Tex. Crim. App. 1990) (purpose of nunc
pro tunc order is to have court records accurately reflect judgment actually
rendered).  The trial court merely
corrected a clerical error.  As the
judgment now correctly states that the enhancement allegations were found to be
“true,” there is nothing to support Nelson’s argument that based on the face of
the judgment, his sentence was not within the statutory range of
punishment.  Accordingly, Nelson’s two
appellate points of error must fail.     


 

 

II.        The
Enhancement Allegations

            Although
not initially raised by Nelson, upon our review of the record, we
discovered  some anomalies in the
record.  When the State first indicted
Nelson, a prior felony conviction in Arkansas was alleged as an enhancing
allegation.  Later, the State amended the
indictment; in the amended indictment:  the
Arkansas conviction was deleted and two Texas felony convictions were alleged
for the purpose of enhancing Nelson’s range of punishment.  Then, when the State read the enhancement
allegations at the beginning of the punishment phase of trial, rather than
reading the enhancements in the amended indictment, the State read or announced
the Arkansas conviction and one of the Texas convictions from the amended
indictment.  Nelson then entered a plea
of “true” to the enhancement allegations. 
An explanation for this action appears to be that the two Texas
convictions, alleged in the amended indictment, were rendered on the same day
and resulted in concurrent sentences, thus defeating the sequencing requirement
of Section 12.42(d) of the Texas Penal Code (“[t]he second previous felony is
for an offense that occurred subsequent to the first previous conviction having
become final . . . .”). 

            Enhancement
allegations which would increase a defendant’s range of punishment do not have
to be alleged in the indictment; the defendant, though, must be afforded
adequate notice of the State’s intent to seek a greater range of
punishment.   Brooks v. State, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997).  Further, the Texas Court of Criminal Appeals
has held that “due process does not even require that the notice be given
before the guilt phase begins,” and where the defendant does not offer a
defense to the enhancement allegations or suggest he or she needs a continuance
in order to prepare a defense, “notice given at the beginning of the punishment
phase satisfies the federal constitution.” 
Villescas v. State, 189 S.W.3d
290, 294 (Tex. Crim. App. 2006).  

            During
the trial, it was apparent that the State was attempting to enhance Nelson’s  punishment with previous convictions.  In voir dire, the State discussed the
possibility that Nelson’s sentencing range, if convicted, could be that of a
second degree felony or twenty-five to ninety-nine years or life.  Nelson made no objection, and he did not
object to the punishment charge or evince any surprise that he faced the
enhanced punishment range.[2]
 No defense was presented to these
allegations, and no continuance was sought. 


            Once
the State established its intent to seek the enhanced range of punishment, it
had to adequately prove those allegations. 
Previously, the State had given Nelson notice that the Arkansas
conviction would be used as one of the enhancement allegations.  While it might be argued (though Nelson does
not) that the State abandoned the Arkansas conviction as an enhancing felony
conviction after not re-alleging it in the amended indictment, such argument
would not prevail.  Even though the
Arkansas conviction was no longer alleged in the indictment, Nelson was on
notice (a) that the State intended to seek the higher range of punishment and
(b) that the State was aware of the Arkansas conviction and the two Texas
convictions. With this information, Nelson had ample opportunity to verify the
accuracy of these previous convictions. 
Evidence of all three convictions, in the form of judgments and a Texas
pen packet, were admitted at trial without objection, and Nelson distinctly
pled “true” when the Arkansas conviction and one of the Texas convictions were
read aloud to him at trial.  Further,
there was no objection when the jury was instructed concerning the use of the
Arkansas conviction to enhance punishment. 


            There
being adequate notice to Nelson of the State’s intent, and sufficient proof (to
which Nelson had no objections), we find no error in Nelson’s being subjected
to the enhanced range of punishment.  We
affirm the trial court’s judgment and sentence, as amended by the trial
court.  

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          May
10, 2010

Date Decided:             June
29, 2010

 

Do Not Publish           

 











[1]In
neither the trial court’s judgment nor its later amended judgment was the fine
imposed.  Section 12.42(d) of the Texas
Penal Code does not provide for a fine, despite the trial court’s including
that provision in its charge.  Tex. Penal Code Ann. § 12.42(d) (Vernon
Supp. 2009).

 





[2]Compare
Hughen v. State, 265 S.W.3d 473 (Tex.
App.—Texarkana 2008), aff’d, 297
S.W.3d 330 (Tex. Crim. App. 2009) (no error where defendant had notice well
before and throughout trial State intended to seek enhanced punishment range;
trial court ruled, at beginning of punishment, enhancement would not be
allowed; following close of punishment evidence, but before reading the charge
or allowing final argument, trial court allowed enhancement to be sought).