**The STATE of Texas, Appellant,**

v.

**Paul Nelson LUCERO, Appellee.**

**No. 07–98–0195–CR.**

Court of Appeals of Texas,
Amarillo.

Oct. 14, 1998.

Sonya Letson, Potter Co. Atty., Amarillo, for appellant.

Dean E. Roper, Amarillo, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

QUINN, Justice.

Following a plea of guilty by Paul Lucero (Lucero) to the offense of driving while intox-

icated (DWI), and a plea of true to a paragraph in the information alleging a prior conviction for DWI, the trial court sentenced Lucero to one year imprisonment. However, the sentence was suspended, and the court placed appellant on community supervision for two years. The State now appeals the judgment. It contends that the court erred by failing to 1) incarcerate appellant for not less than three days and 2) require the installation of a deep-lung device in his vehicle as a condition of community supervision. We reverse in part and affirm in part.

### Imposition of Three Days Confinement

■ As to the matter of imprisonment, statute requires a trial judge granting community supervision to one convicted under chapter 49 of the Texas Penal Code to order the defendant confined to the county jail for not less than three days if the defendant is punished under section 49.09(a) of that same code. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 13(a) (Vernon Supp.1998). By failing to impose such a term of confinement upon appellant, the trial court erred, according to the State. Appellant agrees with the conten-

tion. Thus, this portion of the State's issue is sustained.

### Deep–Lung Device

■ As to the matter of requiring appellant to install a deep-lung device on his vehicle, we note that the crux of the State's argument involves interpretation of article 42.12, section 13(i) of the Texas Code of Criminal Procedure.[1] According to the State, appellant had been previously convicted of DWI. Given this and appellant's subsequent conviction for a like offense, the terms of the statute purportedly dictated that the court order appellant to install a deep-lung device on his car as a condition of community supervision. According to the State, the court has no discretion on the matter. We disagree.

Admittedly, the mandatory word "shall" is used in reference to situations wherein the defendant has twice been convicted of DWI. Nevertheless, the legislature also included within the edict the following provision:

> The court shall require the defendant to obtain the device at the defendant's own

1. The statute reads as follows:

> (i) If a person convicted of an offense under Sections 49.04–49.08, Penal Code, is placed on community supervision, the court may require as a condition of community supervision that the defendant have a device installed, on the motor vehicle owned by the defendant or on the vehicle most regularly driven by the defendant, that uses a deep-lung breath analysis mechanism to make impractical the operation of the motor vehicle if ethyl alcohol is detected in the breath of the operator and that the defendant not operate any motor vehicle that is not equipped with that device. If the person is convicted of an offense under Sections 49.04–49.06, Penal Code, and punished under Section 49.09(a) or (b), Penal Code, or of a second or subsequent offense under Section 49.07 or 49.08, Penal Code, and the person after conviction of either offense is placed on community supervision, the court shall require as a condition of community supervision that the defendant have the device installed on the appropriate vehicle and that the defendant not operate any motor vehicle unless the vehicle is equipped with that device. Before placing on community supervision a person convicted of an offense under Sections 49.04–49.08, Penal Code, the court shall determine from criminal history record information maintained by the Department of Public Safety whether the per-

son has one or more previous convictions under Sections 49.04–49.08, Penal Code, or has one previous conviction under Sections 49.04–49.07, Penal Code, or one previous conviction under Section 49.08, Penal Code. If the court determines that the person has one or more such previous convictions, the court shall require as a condition of community supervision that the defendant have that device installed on the motor vehicle owned by the defendant or on the vehicle most regularly driven by the defendant and that the defendant not operate any motor vehicle unless the vehicle is equipped with the device described in this subsection. *The court shall require the defendant to obtain the device at the defendant's own cost before the 30th day after the date of conviction unless the court finds that to do so would not be in the best interest of justice and enters its findings on record.* The court shall require the defendant to provide evidence to the court within the 30–day period that the device has been installed on the appropriate vehicle and order the device to remain installed on that vehicle for a period not less than 50 percent of the supervision period. If the court determines the offender is unable to pay for the device, the court may impose a reasonable payment schedule not to exceed twice the period of the court's order.

(emphasis added). TEX.CODE CRIM PROC. ANN. art. 42.12, § 13(i) (Vernon Supp.1998).

cost before the 30th day after the date of conviction unless the court finds that to do so would not be in the best interest of justice and enters its findings on record. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 13(i) (Vernon Supp.1998). As can be seen, this portion of the statute vests the court with authority to waive something. That something, according to the State, is simply the time within which the device must be installed. In other words, if the defendant is twice convicted, then installation is mandatory, but the court may delay the installation depending upon the "best interest of justice." Conversely, appellant reads the proviso as granting the court authority to waive installation *in toto* as long as the best interests of justice are served.

Sadly, article 42.12, section 13(i) is not an example of good draftsmanship. Indeed, portions of it appear to make installation of the device mandatory when the defendant is twice convicted of driving while intoxicated. Moreover, the passage about the best interests of justice could literally be read to refer to 1) installation of the device in and of itself, 2) the duty of the defendant to pay for the installation, or 3) the time within which the device must be installed. Nevertheless, we determine that the proper reading of same is that placed on it by appellant. And, we do so for several reasons.

▉ First, under either interpretation, the court has the authority to relieve a defendant from installing the device. That this is true is best shown by changing the facts of this case somewhat. Assume that the trial court found that the best interests of justice warranted postponing installation of the device until three years after appellant was placed

on community supervision. Since his period of supervision was actually two years (and assuming he completed same without infraction), his sentence would be over by the time the duty to install the device accrued. A court is without jurisdiction to revoke community supervision after the supervisory period has ended unless a motion to revoke and capias are issued before the period ends. *Guillot v. State*, 543 S.W.2d 650, 652 (Tex. Crim.App.1976). Since a violation for failing to install the device would not arise until after the period ended, no action could be taken for the violation and the court would have effectively negated the purported requirement. We do not think that the legislature intended the courts to act in such a devious, if not absurd, manner.

Rather, the applicable rule of statutory construction demands that we presume the legislature acted reasonably. *See* TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 1998) (stating that it is presumed that the results of a legislative act are intended to be just and reasonable). Furthermore, in presuming that the legislature acted reasonably, we are also entitled to peruse other legislation on the same or similar subjects to divine the meaning of article 42.12, section 13(i). TEX. GOV'T CODE ANN. § 311.023(4) (Vernon 1998); *Balios v. Texas Department of Public Safety*, 733 S.W.2d 308, 311 (Tex.App.—Amarillo 1987, writ ref'd). And, such other pertinent legislation exists in the form of article 17.441 of the Texas Code of Criminal Procedure.

Like article 42.12, section 13(i), article 17.441 also deals with the installation of deep-lung devices.[2] It requires that a person charged with a subsequent offense of driving while intoxicated install a deep-lung device on his vehicle as a condition for obtaining

---

2. The statute provides:

    (a) Except as provided by Subsection (b), a magistrate shall require on release that a defendant charged with a subsequent offense under Sections 49.04–49.06, Penal Code, or an offense under Section 49.07 or 49.08 of that code:

    (1) have installed on the motor vehicle owned by the defendant or on the vehicle most regularly driven by the defendant, a device that uses a deep-lung breath analysis mechanism to make impractical the operation of a motor vehicle if ethyl alcohol is detected in the breath of the operator; and

    (2) not operate any motor vehicle unless the vehicle is equipped with that device.

    (b) The magistrate may not require the installation of the device if the magistrate finds that to require the device would not be in the best interest of justice.

    (c) If the defendant is required to have the device installed, the magistrate shall require that the defendant have the device installed on the appropriate motor vehicle, at the defendant's expense, before the 30th day after the date the defendant is released on bond.

    (d) The magistrate may designate an appropriate agency to verify the installation of the device and to monitor the device. TEX.CODE CRIM PROC. ANN. art. 17.441 (Vernon Supp.1998).

bond pending trial. Moreover, like section 13(i) of article 42.12, article 17.441 also uses the word "shall"; it provides that a magistrate "shall" require installation of the device. So too does it address the authority to waive the requirement and the 30–day period within which to install the device. Yet, those two subjects are separated within the statute. Subsection (b) states that "[t]he magistrate may not require the installation of the device *if* [he] *finds that to require the device would not be in the best interest of justice*," while subsection (c) states that "[i]f the defendant is required to have the device installed, the magistrate shall require [him to] have [it] installed on the appropriate motor vehicle, at the defendant's expense, before the 30th day after the date the defendant is released on bond." TEX.CODE CRIM. PROC. ANN. art. 17.441 (Vernon Supp.1998). More importantly, in separating the two subsections, it is clear that the legislature vested the magistrate with the authority to waive installation of the device *in toto,* despite its prior use of the mandatory "shall." Given this, the remarkable similarity in subject matter and wording between it and article 42.12, section 13(i), *and the absence of any* indication that the legislature intended to treat the two articles differently, we conclude that the legislature intended the two provisions to mean the same thing.

So, we hold that a trial court may waive (as a condition of probation) installation of the deep-lung device under article 42.12, section 13(i), upon making the finding described therein. And, because the trial court made such a finding here and no one attacks its accuracy or substance, we overrule this segment of the State's point of error.

Accordingly, the judgment is reversed solely to the extent that it fails to impose as a condition of probation the requirement that appellant be confined for not less than three days in the county jail and we remand the cause for the trial court to decide the actual term of that confinement (which must not be less than three days). In all other things, the judgment is affirmed.