# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00593-CR

**Eddie Joseph Arnold, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. 9014182, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

## O P I N I O N

A jury found appellant Eddie Joseph Arnold guilty of sexually assaulting a child and assessed punishment at six years' imprisonment. Tex. Pen. Code Ann. § 22.011 (West 2003). In three issues, appellant urges that the punishment charge and verdict forms were erroneous and prevented the jury from considering the full range of punishment. We will affirm the conviction.

### *Legal Background*

To clarify the issues presented, we briefly review the statute governing jury-recommended community supervision. If the jury assesses a term of imprisonment of ten years or less, and if the defendant is otherwise eligible, the jury may recommend that the sentence be suspended and the defendant be placed on community supervision. Tex. Code Crim. Proc. Ann. art.

42.12, § 4(a), (d), (e) (West Supp. 2003).  If the jury recommends community supervision, the court determines the length of the supervisory period, subject to certain statutory guidelines.  *Id*. art. 42.12, § 4(b).  One of these guidelines provides that the minimum period of supervision for a person convicted of a sexual offense against a child is five years.  *Id*. art. 42.12, § 3(b), (f).

### *Factual Background*

Appellant was tried on a two-count indictment alleging sexual assault of a child (count one) and indecency with a child by contact (count two).  The jury found appellant guilty on both counts.  The next day, before testimony was heard on punishment, the court and attorneys reviewed the draft punishment charge.  Mistakenly believing that article 42.12, section 4(b) required the court to fix both the term of imprisonment to be probated and the period of supervision to be imposed, the court amended a portion of the charge dealing with community supervision to read as follows (we indicate the language stricken):

> In this case the defendant has filed, before trial, his sworn motion in which he prays that in the event he is convicted that he be granted community supervision. If the punishment assessed ~~by you~~ is not more than ten years confinement and you ~~further~~ find that he has not ever been convicted of a felony in this or any other state, you may recommend the sentence be suspended and the defendant placed on community supervision.

The court made corresponding alterations to the community supervision verdict forms:

> We, the jury having found the defendant, Eddie Joseph Arnold III, Guilty of Sexual Assault of a Child, assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice ~~for _____ years~~; and we further assess a fine of $ _____ .

2

We further find that the defendant has never been convicted of a felony in this or in any other State and we recommend that the sentence be suspended and the defendant placed on community supervision.[1]

With regard to the prison term to be assessed should the jury recommend community supervision, the charge instructed the jury, "The maximum sentence for probation is ten years. The minimum sentence for probation is five years." As the court later explained when discussing the verdict forms with the jury, "If this [community supervision] is your verdict, it will result in the judge assessing the punishment of 5 to 10 years probation, 5, 6, 7, 8, 9, 10, one of them."[2] By this, we assume the court meant that if the jury recommended community supervision, the court would assess a term of imprisonment between five and ten years, probated. Appellant did not object to the charge, the verdict forms, or the court's explanation of the forms.[3]

The jury assessed appellant's punishment for the sexual assault at imprisonment for six years and did not recommend community supervision. For the indecency with a child count, however, the jury did recommend community supervision. Thus, the foreperson signed the

---

[1] The community supervision verdict form for the indecency with a child count was similarly altered.

[2] Elsewhere in the charge, the court properly instructed the jury that the range of punishment applicable to both offenses included imprisonment for a term of two to twenty years. *See* Tex. Pen. Code Ann. § 12.33 (West 2003) (second-degree felony punishment).

[3] Failure to object to charge error does not preclude a defendant from asserting it as fundamental error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). The State does not argue that the asserted errors were not preserved.

3

community supervision verdict form and the jury did not assess a term of imprisonment for that offense.

The court signed two judgments, one for each count. The judgment for count one (sexual assault of a child), which is now before us, imposes the six-year prison term assessed by the jury. The judgment for count two (indecency with a child) imposed a ten-year prison term (assessed by the court) probated (on the jury's recommendation) for ten years. Later, on the defendant's motion, the court set aside the indecency with a child conviction on double jeopardy grounds. Therefore, that judgment is not before us in this appeal.

*Discussion*

Appellant contends the court erred by instructing the jury that the "minimum sentence for probation is five years." He further contends the verdict forms were defective in that they did not allow the jury to determine the prison term if it recommended community supervision. He urges that the cumulative effect of these errors prevented the jury from considering the full range of punishment. He argues: "This instruction had the effect of misleading the jury into believing a [prison] term of less than five years could not be probated. Since [the jury] couldn't fix the term of punishment on the verdict form it may have been the reason they chose six years (one over their perceived minimum) and no probation."

We agree with appellant that there were errors in both the jury charge and the verdict forms. The court correctly instructed the jury that the range of punishment for both offenses included two to twenty years in prison, but then erred by telling the jury that the "minimum sentence for probation is five years." What article 42.12 provides is that the minimum period of community

4

supervision for child sex offenders is five years. *See id*. art. 42.12, § 3(f).[4] The court also erred by not requiring the jury to assess a prison term before recommending community supervision, and by assuming that task for itself. Under article 42.12, the jury first "imposes confinement as punishment" and then recommends that the defendant be placed on community supervision; the court merely sets the period of supervision. *See id*. art. 42.12, § 4(a), (b).

Under the circumstances, these errors in the charge and the verdict forms were not so egregious as to deny appellant a fair and impartial trial and did not otherwise affect appellant's substantial rights. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (test for fundamental charge error); Tex. R. App. P. 44.2(b) (general reversible error rule). The only judgment on appeal is the conviction for sexual assault of a child. The jury was properly instructed that the range of punishment for this offense was two to twenty years in prison. The jury, not the court, assessed the six-year term of imprisonment. Because the jury did not recommend community supervision for this offense, none of the errors in the charge and verdict forms relating to community supervision came into play. We are not persuaded by appellant's suggestion that the errors in question somehow influenced the jury's punishment determination with regard to the sexual assault offense, or caused the jury not to recommend community supervision. If the jury had wanted to recommend community supervision for the sexual assault offense, it would have used that verdict

---

[4] The period of supervision is not a sentence. The sentence is the term of incarceration that is suspended on the jury's recommendation. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 4(a) (West Supp. 2003); *see also id*. art. 42.02.

form, as it did in recommending community supervision for the indecency with a child offense.[5] We hold that appellant's three issues do not present reversible error.

The community supervision statute is long, complex, and often amended, and it can confuse even the most experienced judge or lawyer. In this cause, the trial court's errors do not require that its judgment be reversed. The judgment of conviction is therefore affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   August 29, 2003

Publish

---

[5] Because the indecency with a child conviction is not before us, we do not consider the effect of the court's errors on that judgment.