Opinion issued July 8, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00118-CR

———————————

James Odell Mayes, Jr., Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 185th District Court 

Harris County, Texas



Trial Court Case No. 1112629

 



 

MEMORANDUM  OPINION

          A
jury convicted appellant, James Odell Mayes, Jr., of sexual assault of a child.[1]  The jury assessed punishment at five years’
community supervision.  In three issues,
appellant contends that the trial court erred in failing to grant a new trial
based on the trial court’s (1) erroneous rejection of the jury’s original
punishment verdict; (2) erroneous statement to the jury that the minimum
sentence for the offense was five years; and (3) failure to assess the term of
punishment originally provided by the jury.

          We
affirm.

BACKGROUND

          On
January 23, 2007, the complainant, S.W., a sixteen-year-old girl, alleged that
appellant had sexually assaulted her in 2003 when he was her seventh grade
teacher at Children’s First Academy in Houston, Texas.  The complainant made her outcry to Marilyn
Gambrell, a consultant hired by the North Forest Independent School District,
who reported the allegation to the school district’s police department.  Members of the police department investigated
the allegation and obtained an indictment against appellant on August 3,
2007.  Appellant’s trial began on
December 1, 2008, and a jury convicted him of sexual assault of a child.

          The punishment
phase of appellant’s trial began on December 8, 2008.  After the witness testimony and the arguments
by the State and the defense, the jury deliberated on appellant’s punishment.  The jury charge stated:

Our statutes provide that
the punishment for sexual assault shall be by confinement in the institutional
division of the Texas Department of Criminal Justice for not less than two
years nor more than twenty years . . . .

 

.
. . .

 

The defendant has filed a
sworn motion for community supervision herein, alleging that he has never
before been convicted of a felony in this State or any other State. Our statute
provides that where the Jury finds the defendant guilty and the punishment
assessed by the Jury shall not exceed ten years’ imprisonment in the
institutional division of the Texas Department of Criminal Justice, and the
Jury shall find in their verdict that the defendant has never before been
convicted of a felony in this or any other state, the Jury may recommend that
the defendant be granted community supervision.

 

.
. . .

 

If community supervision is
recommended by the Jury, the minimum period of supervision is five years and
the maximum period of supervision is ten years.

 

Appellant did not object to this part of the charge.  During deliberations, the members of the jury
sent the trial court several notes indicating that they did not want to
sentence appellant to prison and that they wanted to impose the least
restrictive terms on his community supervision, and they asked, “Is the number
of years we fill out in choice #3 the # of years for probation?”  In response to the last question, the trial
court referred the members of the jury to the charge.

After deliberating, the jury signed
the punishment option in the charge that read, “We, the Jury, having found the
defendant James Odell Mayes, guilty of sexual assault, assess his punishment at
confinement in the institutional division of the Texas Department of Criminal
Justice for ___ years and further find that the defendant has never before been
convicted of a felony in this state or any other state and recommend community
supervision of the sentence.”  The jury
put “two” into the space in which they were to indicate how many years
appellant was to be confined.  In
response, the following conversation occurred:

(At the bench, on the
record)

Trial
court:           It’s not right. I can’t
take this verdict because it says 2 years, not 5 years.

 

Prosecutor:
          That’s right. It’s an illegal
verdict. 

 

Trial
court:           That’s an illegal
verdict. I have to send them back.  It’s
not the right punishment range.

 

Defense
counsel:   Right.

 

(End of discussion at bench)

 

Trial
court:           Madam Foreman, I cannot
accept this verdict because it does not comport with the parameters set out by
the Legislature as indicated in the charge. 
So, I have to send you back to continue your deliberations.

 

The trial court sent the jury back to resume its
deliberations at 4:56 p.m.  At 5:08 p.m.
the jury presented a verdict, and the foreperson said, “I think we got it right
this time.”  The jury presented the same
verdict form, but changed the amount of time appellant would be confined to
five years with the recommendation that appellant be placed on community
supervision.  Appellant made no objection
to the verdict at this time, and the trial court entered a judgment.  

          Appellant
filed a “Motion for New Trial or in Arrest of Judgment and to Correct Sentence.”
Appellant argued that the trial court’s decision to reject the jury’s first
verdict and send the jury back for deliberations constituted error.  The trial court did not rule on the motion
for a new trial, and it was overruled by operation of law.

ANALYSIS

          In his
first three issues, appellant contends that the trial court erred in not
granting his motion for a new trial based on its erroneous rejection of the
jury’s original punishment and its instruction to the jury, which stated that
five years was the minimum sentence that could be imposed on him if community
supervision was recommended.

A.              
Standard of Review 

We review a trial court’s denial of a motion for new trial for an abuse
of discretion.  State v. Herndon, 215 S.W.3d 901, 906–07 (Tex. Crim. App. 2007). A
trial court abuses its discretion when its decision is arbitrary, unreasonable,
and made without reference to guiding rules or principles.  See
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on
reh’g).

To preserve an issue for appellate
review, the trial record must reflect that the appellant made a timely
objection stating the specific legal basis for the objection.  Tex.
R. App. P. 33.1(a)(1)(A); Tex. R.
Evid. 103(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex.
Crim. App. 2009).  Usually, a defendant
procedurally defaults on a claim of error when he fails to raise it in the
trial court.  Saldano v. State, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002). 
However, certain fundamental errors may be raised for the first time on
appeal.  Marin v. State, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993).  There
are, however, relatively few rights that must be affirmatively waived and may
therefore be raised on appeal without first registering an objection at trial.  Id;
see also Hardeman v. State, 1 S.W.3d
689, 690 (Tex. Crim. App. 1999) (noting that if opportunity to object was
afforded appellant and he failed to object, he cannot use later motion for new
trial to preserve error).

B.              
Analysis

Article 42.12 of the Code of
Criminal Procedure governs whether a defendant may receive community
supervision as a part of his sentence and the limitations on a defendant’s
community supervision.  See Tex.
Code Crim. Proc. Ann. art. 42.12 (Vernon 2003).

Under article 42.12, § 4(a), 

A jury that imposes
confinement as punishment for an offense may recommend to the judge that the
judge suspend the imposition of the sentence and place the defendant on
community supervision.  A judge shall
suspend imposition of the sentence and place the defendant on community
supervision if the jury makes that recommendation in the verdict.

 

Id. art.
42.12, § 4(a).  Article 42.12, section 4(b) provides, “If the jury recommends to the
judge that the judge place the defendant on community supervision, the judge
shall place the defendant on community supervision for any period permitted
under Section 3(b) or 3(c) of this article, as appropriate.”  Id.
art. 42.12, § 4(b).  Section 3(b) provides, except as provided by
[Section 3](f), “In a felony case the minimum period of community supervision
is the same as the minimum term of imprisonment applicable to the offense . . .
.”  Id.
art. 42.12, § 3(b).  Section 3(f) provides, “The minimum period of
community supervision for a felony described by Section 13B(b) is five years
and the maximum period of supervision is 10 years.”  Id.
at art. 42.12, § 3(f).  The felonies described by section 13B(b)(2)
include Penal Code section 22.011, under which appellant was indicted.  See id.
 art. 42.12, § 13B(b)(2).

          Here,
the charge properly instructed the jury on the foregoing law.[2]  The jury initially returned a verdict
sentencing appellant to two years and recommending community supervision.  This verdict was illegal under article
42.12.  See Tex. Code Crim. Proc.
art. 42.12, §§ 3(b), (f); Tex. Penal Code Ann. § 22.011 (Vernon 2003).  The trial court properly declared the verdict
illegal and sent the jury back to continue its deliberations under the charge.  The jury returned with a proper verdict
sentencing appellant to the minimum sentence available under article 42.12 for
a recommendation of community supervision for an offense under section 22.011
of the Penal Code.  Appellant did not
object to the trial court’s instruction that the jury follow the law.  There is no indication that the trial court’s instruction constituted
fundamental error.  Rather, the
instruction was correct on the law.  The
trial court did not err.

We overrule appellant’s issues on appeal.

CONCLUSION

           We affirm the ruling of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Hanks, and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
              See Tex. Penal Code Ann. § 22.011 (Vernon 2003) (providing elements for sexual
assault of child).





[2]
              Appellant
mistakenly construes Arnold v. State,
115 S.W.3d 757 (Tex. App.—Austin 2003, no pet.), as supporting his argument.  In Arnold,
the court of appeals held that the trial court “erred by telling the jury that
the ‘minimum sentence for probation is five years,’” when article 42.13
provided that the minimum period for community supervision for child sex
offenders was five years.  Id. at 760.  The appellate court noted, “The period of
supervision is not a sentence.  The
sentence is the term of incarceration that is suspended on the jury’s
recommendation.”  Id. at 760 n.4.  The trial
court in Arnold also erred by not
requiring the jury to assess a prison term before recommending supervision and
by, instead, imposing the prison term itself. 
Id.  Article 42.12 requires that the jury first
impose confinement and then recommend probation.  See Tex. Code Crim. Proc. art. § 42.12 (a),
(b).  The Arnold court found the errors to be harmless, however, because the
jury did not recommend community supervision. 
115 S.W.3d at 760.  Here, the
trial court merely sent the jury back to read the charge again when it mistakenly
originally assessed a punishment below the minimum sentence required for a
recommendation of community supervision. 
There was no error.