

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-1633-10

**JAMES ODELL MAYES, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

COCHRAN, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, PRICE, WOMACK, JOHNSON, KEASLER and HERVEY, JJ., joined. ALCALA, J., did not participate.

O P I N I O N

A jury found appellant guilty of the second degree felony of sexual assault. At the punishment phase, the trial judge properly instructed the jury concerning the punishment range (two to twenty years in prison) and the possibility of community supervision. The jury returned a verdict sentencing appellant to two years in prison and recommending community supervision. The judge told the jury that its verdict was illegal because the minimum period

of community supervision for sexual assault is five years.[1]  She told them to deliberate again, and the jury then assessed a sentence of five years and once more recommended community supervision. The issue in this case is whether the initial verdict was in fact illegal.  The court of appeals held that it was,[2] but we conclude that a jury sentence of two years confinement with a recommendation of community supervision is not an illegal or improper verdict.

I.

Appellant was a teacher at Children's First Academy in Houston.  S.W., a sixteen-year-old girl, was his former student.  She told a consultant hired by the North Forest Independent School District that appellant had sexually assaulted her when he was her seventh-grade teacher.  The consultant reported the matter to the police.  The prosecution's theory at trial was that appellant began fondling S.W. after class when she was twelve and ended up having sexual intercourse with her at her home when she was fourteen.

After all twelve jurors returned a guilty verdict, eleven of them deliberated on the punishment.[3]  The punishment jury charge gave them five possible choices, including confinement with a recommendation of community supervision. Regarding confinement, the charge stated,

---

[1] TEX. CODE CRIM. PROC. art. 42.12, §§ 3(f), 13B(b)(2).

[2] *Mayes v. State*, No. 01-09-00118-CR, 2010 WL 2723161, at *3 (Tex. App.–Houston [1st Dist.] July 8, 2010) (not designated for publication) ("The jury initially returned a verdict sentencing appellant to two years and recommending community supervision.  This verdict was illegal under article 42.12.").

[3] One juror refused to deliberate and was excused by agreement of both parties.

[T]he punishment for sexual assault shall be by confinement in the institutional division of the Texas Department of Criminal Justice for not less than two years nor more than twenty years.

Regarding community supervision, the charge stated,

If community supervision is recommended by the Jury, the minimum period of supervision is five years and the maximum period of supervision is ten years.

The jury was then instructed,

If you desire the defendant to be placed on community supervision, let your verdict show that you find that the defendant has never been convicted of a felony in this State or in any other State and further show that you recommend community supervision.

During deliberations, the jury sent the judge several notes indicating that it wished to impose the minimum punishment. The jury asked, "Can we recommend less than 5 years probation?" and noted, "the Jury would [prefer] the least restrictions and grant the most rights and freedoms to Defendant." The jury later asked, "Can we let the record show that this jury believes the range of punishment is too severe in this particular case? It is our sincere desire that Mr. Mayes be given the least possible punishment and be granted maximum rights and freedom." Finally, the jury sought clarification of the punishment form:[4] "We want to make

---

[4] This is the verdict form the jury used:

"We, the Jury, having found the defendant, James Odell Mayes, guilty of sexual assault, assess his punishment at confinement in the institutional division of the Texas Department of Criminal Justice for _____ years and further find that the defendant has never before been convicted of a felony in this state or any other state and recommend community supervision of the sentence."

sure that the 3rd choice is the one for probation <u>only</u> and that he <u>will not</u> be [i]ncarcerated?

Is the number that we fill out in choice #3 the # of years for probation? Please clarify!"

The judge referred the jury to the charge, and the jury returned the verdict form with

"two" written in the blank for the number of years of confinement. The judge declared the

verdict illegal and returned it to the jury without an objection from either counsel.[5] The jury

later returned the verdict form with "two" crossed out and "five" written in its place. After

verifying the unanimity of this second verdict, the judge announced, "James Mayes, the jury

having found you guilty and the Court will then assess your punishment based on the jury's

recommendation of 5 years probation."  The signed judgment stated the sentence to be "5

years Institutional Division, TDCJ" "suspended" "for the adjudged period."  Appellant did

not object at this time, but he did file a motion for new trial, arguing that the trial judge had

erroneously rejected the jury's original punishment verdict.  This motion for new trial was

---

[5] The record reflects the following:

| | |
|---|---|
| Judge: | Madam Foreman, I understand the jury has a verdict? |
| Foreperson: | Yes. |
| Judge: | Would you pass it to the bailiff, please? Please stand, Mr. Mayes. |

*(At the bench, on the record.)*

| | |
|---|---|
| Judge: | It's not right. I can't take this verdict because it says 2 years, not 5 years. |
| Prosecutor: | That's right. It's an illegal verdict. |
| Judge: | That's an illegal verdict. I have to send them back. It's not the right punishment range. |
| Defense: | Right. |

*(End of discussion at the bench.)*

| | |
|---|---|
| Judge: | Madam Foreman, I cannot accept this verdict because it does not comport with the parameters set out by the Legislature as indicated in the charge. So, I have to send you back to continue your deliberations. |

overruled by operation of law.[6]

On appeal, appellant argued, *inter alia*, that the trial judge erred in failing to grant him a new trial based on the improper rejection of the original sentence of two years confinement with a recommendation of community supervision. After setting out the procedural requirements for error preservation but not ruling on the preservation question, the court of appeals turned to the merits and held that the jury charge was correct and that the trial judge properly declared the original verdict illegal.[7] We granted appellant's petition for discretionary review.[8]

## II.

Article 42.12, the community supervision statute,[9] "is long, complex, and often

---

[6] The State argues that the motion for new trial was never timely presented to the trial court. We do not reach that issue here.

[7] *Mayes v. State*, No. 01-09-00118-CR, 2010 WL 2723161, at *3 (Tex. App.—Houston [1st Dist.] July 8, 2010) (not designated for publication).

[8] We granted both of appellant's grounds for review:

1.      The Court of Appeals erred in concluding that the jury's initial verdict assessing Petitioner's sentence at two years confinement and recommending community supervision [was] illegal under TEX. CODE CRIM. PROC. art. 42.12 § 3(b), (f) as applied to a conviction for an offense proscribed by TEX. PENAL CODE § 22.011.
2.      In upholding the trial court's decision authorizing the jury to assess the term of community supervision based upon an instruction misdirecting the jury as to the applicable range of punishment, the Court of Appeals . . . has decided an important issue of state law in a way that misconstrues TEX. CODE CRIM. PROC. art. 42.12, and conflicts with the applicable decisions of another court of appeals and the Court of Criminal Appeals on the same issue.

[9] TEX. CODE CRIM. PROC. art. 42.12.

amended, and it can confuse even the most experienced judge or lawyer."[10]  And it does.

The statute expressly provides for jury-recommended community supervision: "A jury that imposes confinement as punishment for an offense may recommend to the judge that the judge suspend the imposition of the sentence and place the defendant on community supervision."[11]  Requirements for such a recommendation include (1) a sentence of confinement for ten years or less, and (2) a pre-trial motion filed by the defendant stating that he has no prior felony convictions, which the jury finds to be true.[12]  If the legal requirements have been met and a jury recommends community supervision, the trial judge must place the defendant on community supervision, but he has great discretion in choosing the appropriate length of community supervision so long as it is ten years or less.[13]

Article 42.12, section 3(b), sets forth the general rule concerning the minimum period of community supervision for a felony offense: "In a felony case the minimum period of community supervision is the same as the minimum term of imprisonment applicable to the offense[.]"[14]  But section 3 then sets out a number of exceptions to both the minimum and maximum terms of supervision.  Section 3(f), for example, states that the minimum period

---

[10] *Arnold v. State*, 115 S.W.3d 757, 760 (Tex. App.—Austin 2003, no pet.).

[11] TEX. CODE CRIM. PROC. art. 42.12, § 4(a).

[12] *Id.* § 4(d)(1), (e).

[13] *Id.* § 4(b) ("If the jury recommends to the judge that the judge place the defendant on community supervision, the judge shall place the defendant on community supervision for any period permitted under Section 3(b) or 3© of this article, as appropriate.").

[14] *Id.* § 3(b).

of community supervision for those convicted of a sexual offense is five years, while the maximum period is ten years.[15]

The sentencing range for sexual assault under the present circumstances, however, is not confinement between five and ten years, but between two and twenty years.[16] The court of appeals, in this case, concluded that the sentence and the period of community supervision are inextricably linked together.[17] Thus, a defendant who was sentenced to the minimum period of confinement–two years–could not be placed on community supervision because the minimum period of supervision is five years. But the term of imprisonment is not linked to the period of community supervision. These are two entirely distinct concepts.

Numerous Texas cases show that the sentence and the community supervision period are entirely different matters. In *Speth v. State*,[18] appellant objected to the conditions of community supervision for the first time on appeal.[19] The court of appeals held that the defendant was not barred from doing so because he "could raise 'a defect in his sentence even though he had not objected to it at trial.'"[20] We reversed, noting that "community

---

[15] *Id.* § 3(f).

[16] TEX. PENAL CODE §§ 22.011(f), 12.33(a).

[17] *Mayes*, 2010 WL 2723161, at *3.

[18] 6 S.W.3d 530 (Tex. Crim. App. 1999).

[19] *Id.* at 531.

[20] *Id.* (quoting *Speth v. State*, 965 S.W.2d 13, 15 (Tex. App.—Houston [14th Dist.] 1998), *rev'd*, 6 S.W.3d 530 (Tex. Crim. App. 1999)).

supervision is not a sentence or even a part of a sentence."[21]    Again, in *Ex parte Williams*,

we held that community supervision is not governed by the rules of sentencing.[22] Williams

sought habeas relief, arguing that an unlawful grant of community supervision[23] (later

revoked) rendered his sentence illegal.[24] This Court, relying on *Speth*, held that "the trial

court's unauthorized [community supervision] order did not constitute an illegal sentence."[25]

The sentence is the term of imprisonment assessed, while community supervision deals with

whether that term of imprisonment may be suspended and the defendant supervised in his

local community.[26]

---

[21] *Speth,* 6 S.W.3d at 532, 535.

[22] 65 S.W.3d 656, 657 (Tex. Crim. App. 2001).

[23] The judge suspended Williams's sentence for aggravated assault and placed him on community supervision, but Williams was ineligible for such supervision because of a deadly-weapon finding. *Id.* at 656-57; *see also* TEX. CODE CRIM. PROC. art. 42.12, § 3g(a)(2) (stating that judge-ordered community supervision does not apply "when it is shown that a deadly weapon . . . was used or exhibited during the commission of a felony offense or during immediate flight therefrom").

[24] *Williams*, 65 S.W.3d at 657.

[25] *Id.*

[26] The distinction between a "sentence" and "community supervision" also played a vital role in *Ivey v. State*, 277 S.W.3d 43 (Tex. Crim. App. 2009) ("[A] trial court may place an eligible defendant on community supervision even if the defendant has elected to have his punishment assessed by the jury and the jury does not recommend it."). A jury convicted Ivey of misdemeanor DWI and sentenced him to thirty-five days in jail plus a fine of $2,000. It did not recommend community supervision. *Id.* at 44. Nonetheless, the trial judge placed him on community supervision for two years, probated $1,500 of the fine, and imposed, *inter alia*, a thirty-day jail term. *Id.* at 45. Ivey argued that the judge could not place him on community supervision without a jury recommendation because he invoked his statutory right to have the jury assess his punishment. *Id.* at 46-47. We affirmed the trial court's decision because, again relying on *Speth*, "when a trial judge suspends imposition of a jury-assessed punishment, he does

In *Arnold v. State*,[27] the Third Court of Appeals distinguished the concepts of "community supervision" and "sentence" in a case similar to this one. A jury convicted Arnold of sexual assault[28] and assessed his sentence at six years confinement.[29] The jury charge stated, "The maximum sentence for [community supervision] is ten years. The minimum sentence for [community supervision] is five years."[30] The trial judge later explained to the jury, "If this [community supervision] is your verdict, it will result in the judge assessing the punishment of 5 to 10 years probation, 5, 6, 7, 8, 9, 10, one of them."[31] The court of appeals interpreted that statement as meaning that if the jury recommended community supervision, the judge would sentence Arnold to a probated prison term between five and ten years despite the applicable punishment range of two to twenty years.[32] The court of appeals held that the trial judge "erred by telling the jury that the 'minimum sentence

---

not encroach upon the defendant's statutory option to have the jury assess his *sentence*." *Id.* at 47. Furthermore, the judge's discretion to suspend a sentence and place a defendant on community supervision under TEX. CODE CRIM. PROC. art. 42.12, § 3(a) is a permissible legislative qualification to the statutory right to have the jury assess the punishment. *Id.* And even though the jury assessed a thirty-five-day jail sentence, the trial judge had the discretion to place the defendant on community supervision for two years, which is obviously a much longer term than the jail sentence assessed. *Id.* at 52.

[27] 115 S.W.3d 757 (Tex. App.—Austin 2003, no pet.).

[28] TEX. PENAL CODE § 22.011.

[29] *Arnold*, 115 S.W.3d at 758.

[30] *Id.* at 759.

[31] *Id.*

[32] *Id.* at 759 & n.2.

for [community supervision] is five years.' What article 42.12 provides is that the minimum period of community supervision for child sex offenders is five years."[33] In a footnote to that holding, the court of appeals explained, "The period of supervision is not a sentence. The sentence is the term of incarceration that is suspended on the jury's recommendation."[34]

This explanation in *Arnold* is supported by the innumerable Texas cases in which the sentence assessed differed from the community supervision period.[35]  Texas cases also include examples in which the jury-assessed sentence (one that included a recommendation of community supervision) was less than the minimum supervision period.[36] Those cases did not directly address the issue of whether the sentence must be at least equal to the minimum community-supervision period, but they do support the proposition that a sentence and supervision period are not the same.  Indeed, if the sentence and supervision period had to

---

[33] *Id.* at 760.

[34] *Id.* at 760 n.4.

[35] *E.g.*, *State v. Posey*, 330 S.W.3d 311 (Tex. Crim. App. 2011) (offense, criminally negligent homicide; sentence, two years; supervision period, five years); *Arnold v. State*, 68 S.W.3d 93 (Tex. App.—Dallas 2001, pet. ref'd) (offense, tampering with a witness; sentence, two; supervision, five); *Mitchell v. State*, 187 S.W.3d 113 (Tex. App.—Waco 2006, pet. ref'd) (offense, DWI; sentence, one; supervision, two); *State v. Lucero*, 979 S.W.2d 400 (Tex. App.—Amarillo 1998, no pet.) (offense, DWI; sentence, one; supervision, two).

[36] *See, e.g.*, *Theis v. State*, No. 03-04-00614-CR, 2005 WL 3076935 (Tex. App.—Austin Nov. 17, 2005, no pet.) (not designated for publication) (offense, possession of child pornography; sentence, two years; supervision period, ten years); *Butler v. State*, No. 06-03-00102-CR, 2003 WL 22659075 (Tex. App.—Texarkana Nov. 12, 2003, no pet.) (not designated for publication) (offense, sexual assault; sentence, two; supervision, ten). *See also* Tex. Code Crim. Proc. art. 42.12, §§ 3(f), 13B(b)(1)–(2) (stating that the minimum period of community supervision for a defendant convicted of possession of child pornography, Tex. Penal Code § 43.26, or sexual assault of a child, Tex. Penal Code § 22.011, is five years).

be the same, then placing a defendant on community supervision for the maximum allowable period–two years–would be patently illegal for many misdemeanor offenses in which the maximum sentence is confinement for one year or less.[37]

There is nothing in Article 42.12 that states, or even suggests, that the jury must assess a sentence that equals the minimum period of community supervision, the maximum period, or any particular period in between. The jury does not determine the period of community supervision. It assesses the sentence and recommends that the trial judge place the defendant on community supervision. The judge must follow that recommendation, but he has the discretion to determine the appropriate period of supervision, as long as it is within the minimum and maximum statutory periods.

Additionally, a rule that a jury cannot assess the minimum sentence in a case if it also wants the defendant to serve that sentence on community supervision would lead to an absurd result.[38] For the following state jail felonies, the maximum sentence would be mandatory if the jury were to recommend community supervision: possession of less than one gram of a

---

[37] *See* TEX. CODE CRIM. PROC. art. 42.12, § 3(c) ("The maximum period of community supervision in a misdemeanor case is two years."); TEX. PENAL CODE §§ 12.21–23 (stating that the maximum jail sentence for a Class A misdemeanor is one year; Class B, 180 days; Class C, no confinement).

[38] *See Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991) ("If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then and only then, out of absolute necessity, is it constitutionally permissible for a court to consider . . . extratextual factors[.]").

Penalty Group 1 controlled substance,[39] possession of fewer than twenty abuse units of LSD,[40] possession of less than one gram of a Penalty Group 2 controlled substance,[41] possession of more than four ounces but less than five pounds of marihuana,[42] unauthorized possession of a prescription for a Schedule II or III controlled substance,[43] and unauthorized possession of a prescription form.[44] Because a minimum of two years of community supervision is mandatory for those crimes, there would be no sentencing range—it would always be two years, the maximum for a state jail felony.[45] If the Legislature had intended that result, it surely would have said so rather than referring to the state-jail-felony penalty provision, which provides for a sentencing range of 180 days to two years.[46]

A rule that the minimum sentence must be increased to permit community supervision

---

[39] TEX. HEALTH & SAFETY CODE § 481.115(a), (b); TEX. CODE CRIM. PROC. art 42.12, § 15(a)(1) ("On conviction of a state jail felony under [enumerated sections] that is punished under Section 12.35(a), Penal Code, the judge *shall* suspend the imposition of the sentence and place the defendant on community supervision[.]") (emphasis added), §15(b) ("The minimum period of community supervision a judge may impose under this section is two years."); TEX. PENAL CODE § 12.35(a) ("[A]n individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.")

[40] TEX. HEALTH & SAFETY CODE §§ 481.1151(a) and (b)(1), 481.1021.

[41] *Id.* § 481.116(a), (b).

[42] *Id.* § 481.121(a), (b)(3).

[43] *Id.* § 481.129(c)(2), (g)(1)(B).

[44] *Id.* § 481.129(c)(2)(A)–(E), (g)(1)(A).

[45] TEX. PENAL CODE § 12.35(a).

[46] *Id.*

would be odd given the purpose of the community supervision statute, which is to provide those criminal offenders who do not pose a danger to the community with a chance to "'mend their ways.'"[47]  Indeed, the higher minimum supervision period for sexual offenses reflects a legislative judgment that more supervision time is required to determine whether defendants convicted of those crimes have mended their ways and do not pose any future danger to society, not that the minimum confinement sentence should be higher for them. The sentence refers to how long the defendant must serve in prison if he fails to succeed on community supervision, not how long he remains under supervision.  We have described community supervision as "an extension of clemency"[48] and conclude that the Legislature did not intend to punish a defendant by requiring that he be assessed a minimum sentence of five years if he is a good candidate for community supervision, but that he may be assessed a sentence of only two years if he goes directly to prison.

## III.

The application of the law to the facts of this case is not difficult. The jury initially returned a verdict sentencing appellant to two years confinement with a recommendation that he be placed on community supervision. Although the minimum community supervision period is five years,[49] the jury properly returned a verdict within the sentencing range of two

---

[47] *Cuellar v. State*, 70 S.W.3d 815, 817 n.3 (Tex. Crim. App. 2002).

[48] *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999).

[49] TEX. CODE CRIM. PROC. art. 42.12, §§ 3(f), 13B(b)(2).

to twenty years.[50]  Because supervision is not a part of the sentence, appellant could receive a sentence of two years, and the trial judge could place him on community supervision for the minimum term of five years (or for any greater period up to ten years). The jury was properly instructed on the pertinent law, and it followed that law.  The initial jury verdict of a sentence of two years with a recommendation of community supervision was legal, and the trial judge should have accepted it.

We therefore reverse the judgment of the court of appeals and remand the case to that court to address the issue of error preservation, which is not before us.

Delivered: September 14, 2011
Publish

---

[50] *See* TEX. PENAL CODE §§ 22.011(f), 12.33(a).