**Opinion issued June 28, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-09-00118-CR

————————————

**JAMES ODELL MAYES, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————————————————————————

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1112629**

———————————————————————————————

## MEMORANDUM OPINION ON REMAND

A jury convicted appellant, James Odell Mayes, Jr., of sexual assault of a

child, assessed his punishment at five years' confinement, and recommended that

the trial court place him on community supervision. The trial court suspended appellant's sentence and placed him on community supervision for five years. In three issues, appellant contended that the trial court erred in failing to grant a new trial based on its (1) erroneous rejection of the jury's original punishment verdict of two years' confinement with a recommendation of community supervision; (2) erroneous statement to the jury that the minimum sentence that must be imposed in order for community supervision to be available was five years; and (3) failure to assess punishment at two years' confinement, as originally provided by the jury. We affirmed the judgment of the trial court on the ground that the court had properly concluded that the original verdict was illegal. The Court of Criminal Appeals held that we erred in holding that the jury's original verdict was illegal, and it accordingly reversed our judgment. *Mayes v. State*, 353 S.W.3d 790, 797 (Tex. Crim. App. 2011).[1] The court remanded the case to this Court to

---

[1] The Court of Criminal Appeals wrote:

> Although the minimum community supervision period is five years, the jury properly returned a verdict within the sentencing range of two to twenty years. Because supervision is not a part of the sentence, appellant could receive a sentence of two years, and the trial judge could place him on community supervision for the minimum term of five years (or for any greater period up to ten years). The jury was properly instructed on the pertinent law, and it followed that law. The initial jury verdict of a sentence of two years with a recommendation of community supervision was legal, and the trial judge should have accepted it.

*Mayes v. State*, 353 S.W.3d 790, 797 (Tex. Crim. App. 2011).

2

consider the issue of error preservation, and we asked the parties to provide briefing on that issue. *Id.*

On remand, we hold that appellant failed to preserve his complaint that the trial court erred in rejecting the jury's original punishment verdict, and we affirm the trial court's judgment.

## Background

Appellant was convicted of sexually assaulting a child who was a student in his seventh grade class.

At the punishment phase of trial, the jury was correctly charged that the punishment range for sexual assault of a child was between two and twenty years' confinement, that it could recommend community supervision for appellant under certain circumstances, and that the minimum period for such supervision was five years. During jury deliberations, the members of the jury sent the trial court several notes indicating that they did not want to sentence appellant to prison and that they wanted to impose the least restrictive terms on his community supervision, and they asked a question regarding the proper way to fill out the verdict form. In response, the trial court referred the jury to the charge.

After further deliberations, the jury signed the punishment option in the verdict form that read, "We, the Jury, having found the defendant, James Odell Mayes, guilty of sexual assault, assess his punishment at confinement in the

3

institutional division of the Texas Department of Criminal Justice for ___ years and further find that the defendant has never before been convicted of a felony in this state or any other state and recommend community supervision of the sentence." The jury wrote "two" into the space in which it was to indicate how many years appellant was to be confined. In response, the following conversation occurred at the bench, on the record:

| | |
|---|---|
| The Court: | It's not right. I can't take this verdict because it says 2 years, not 5 years. |
| [Prosecutor]: | That's right. It's an illegal verdict. |
| The Court: | That's an illegal verdict. I have to send them back. It's not the right punishment range. |
| [Defense counsel]: | Right. |

The trial court then informed the jury that it could not accept the verdict "because it does not comport with the parameters set out by the Legislature as indicated in the charge. So, I have to send you back to continue your deliberations." Appellant made no objections at this time.

Subsequently, the jury presented the same verdict form to the trial court, but it changed the amount of time appellant would be confined to five years with the recommendation that he be placed on community supervision. Again, appellant made no objection to the verdict, and the trial court entered judgment in accordance with this verdict.

4

Appellant filed a "Motion for New Trial or in Arrest of Judgment to Correct Sentence." He argued that the trial court's decision to reject the jury's first verdict and send the jury back for further deliberations constituted error. The trial court did not rule on the motion for new trial, and it was overruled by operation of law.

## Error Preservation

The State argues that appellant waived any issues regarding the length of his sentence or the deliberation procedure used in this case by failing to object specifically to the jury deliberations at a time when the trial court could have granted effective relief. Appellant, however, argues that the trial court's error in rejecting the jury's original verdict as illegal was a fundamental error that did not need to be preserved.

All but the most fundamental rights may be forfeited if not insisted upon by the party to whom they belong. *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). An exception applies to two "relatively small" categories of error: (1) violations of waivable-only rights; and (2) denials of absolute, systemic requirements. *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *Saldano*, 70 S.W.3d at 888; *see also* TEX. R. EVID. 103(d) (providing that courts are authorized to "tak[e] notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court").

5

Here, appellant argues that the sentence ultimately imposed by the trial court was an illegal sentence and that he has an absolute right to be sentenced within the proper punishment range. A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Unlike most trial errors that are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence. *Id.* at 806 n.6. However, the sentence ultimately imposed by the trial court in this case did not fall outside the proper statutory punishment range.

The punishment range for sexual assault of a child is between two and twenty years' confinement, and the trial court accepted the jury's assessment of five years' confinement. *See Mayes*, 353 S.W.3d at 793 (stating that range of punishment for sexual assault applicable to appellant is confinement for between two and twenty years) (citing TEX. PENAL CODE ANN. §§ 22.011(f), 12.33(a) (Vernon 2011)). Because the sentence ultimately imposed by the trial court was within the statutory punishment range, it was not an illegal sentence, and, therefore, the trial court did not violate a fundamental right of appellant's when it imposed a sentence in accordance with the jury's second punishment verdict. *See Mizell*, 119 S.W.3d at 806 (holding that sentence outside statutory punishment range is unauthorized by law and illegal).

The only remaining grounds for appeal urged by appellant were that the trial court erred in (1) informing the jury that the minimum sentence that it had to impose in order for community supervision to be available was five years and (2) in failing to assess a punishment of two years' confinement in accordance with the jury's original verdict. Texas courts have repeatedly held that errors in sentencing and in jury deliberation procedures can be waived by failing to object. *See, e.g.*, *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (holding that appellant failed to preserve complaint that trial court arbitrarily refused to consider entire range of punishment because he failed to make timely objection); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding that failure to complain to trial court that consecutive sentences constitute

7

cruel and unusual punishment waives error); *Llorance v. State*, 999 S.W.2d 866, 868–69 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding, where jury returned initial verdict of guilty and trial court's colloquy with one juror during polling resulted in court asking jury to return to its deliberations, that appellant waived complaint about this procedure by failing to make timely and specific objection); *Yatalese v. State*, 991 S.W.2d 509, 511 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (holding that appellant waived complaint that trial court did not follow statutory procedure in answer and comments during jury deliberations because appellant expressly approved trial court's actions); *see also Ponder v. State*, 265 S.W.2d 836, 838 (Tex. Crim. App. 1954) (holding that appellant waived complaint about trial court's response to jury question during deliberations by agreeing to court's action).

Thus, we conclude that the error about which appellant complains is not so fundamental as to have relieved him of the necessity of a timely, specific trial objection. We therefore consider whether appellant properly preserved his complaint.

To preserve an issue for appellate review, the trial record must reflect that the appellant made a timely objection that states the specific legal basis for the objection. TEX. R. APP. P. 33.1(a)(1)(A); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). It is undisputed that appellant did not object to the

deliberation procedures employed by the trial court, to the trial court's instructing the members of the jury to return to their deliberations after they presented their original verdict, or to the subsequent verdict and judgment. In fact, appellant's counsel affirmatively stated, "Right," in response to the trial court's determination that the jury's initial verdict was illegal and that deliberations should continue.

Moreover, appellant's motion for new trial did not preserve this issue for appellate review. A complaint raised in a motion for new trial is not preserved unless the motion is actually presented to the trial court. *See Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex. Crim. App. 1998). The rules of appellate procedure require a defendant to "present" a motion for new trial to the trial court within specified time limits. TEX. R. APP. P. 21.6. To satisfy the presentment requirement, a defendant must actually deliver the motion for new trial to the trial court or otherwise bring the motion to the attention or actual notice of the trial court. *See Carranza*, 960 S.W.2d at 78–79 (holding that merely filing motion for new trial is not sufficient evidence of its presentment to trial court); *see also Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (noting that if opportunity to object was afforded appellant and he failed to object, he cannot use later motion for new trial to preserve error). Presentment must be apparent from the record, and it may be shown by such proof as the judge's signature or notation on the motion or proposed order, an entry on the docket sheet showing the motion

9

was brought to the trial court's attention, or evidence that a hearing was set. *See Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009); *Carranza*, 960 S.W.2d at 79–80.

Here, appellant's motion for new trial includes a proposed order form that is blank and bears no notations by the trial court. Appellant did not include a certificate of presentment with his motion. The trial court's docket sheet contains no reference to the motion for new trial, and the record contains no other evidence of a hearing, signature, or notation by the trial court indicating that the court had actual knowledge of the motion.

Because the sentence imposed by the trial court was not illegal, and appellant did not object during the trial and has not shown that the complaints raised in his motion for new trial were actually presented to the trial court, we conclude that appellant failed to preserve for appellate review his issue regarding the trial court's rejection of the jury's original verdict and misstatement of the law. *See Layton*, 280 S.W.3d at 238–39; *Hardeman*, 1 S.W.3d at 690; *Carranza*, 960 S.W.2d at 78–79.

## Appellant's Remaining Arguments

Appellant also argues that this Court "has the power to correct and reform the trial court's judgment 'to make the record speak the truth when it has the necessary data and information to do so' irrespective of whether any party objected

10

in the trial court." *See, e.g.*, *Jackson v. State*, 288 S.W.3d 60, 64 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). However, he presents no authority supporting his contention that the power to correct a judgment should apply to a situation such as this, when the jury's initial attempt to return a verdict was rejected by the trial court and the court later accepted and pronounced a proper subsequent sentence assessed by the jury.

Additionally, appellant argues that the trial court violated its duty to incorporate a verdict authorized by law into the judgment, which he claims is a "systemic requirement" that does not require an objection. However, appellant has failed to establish the existence of a systemic requirement that a trial court enter judgment on the first verdict returned by a jury. Indeed, trial courts may instruct juries to conduct further deliberations in many circumstances, including, among others, when a jury returns conflicting verdict forms, a non-unanimous verdict, or an otherwise non-complying verdict. *See, e.g.*, *Reese v. State*, 773 S.W.2d 314, 317 (Tex. Crim. App. 1989) (holding, when trial court returned jury to deliberate due to conflicting verdict forms, that "[a] verdict must be certain, consistent, and definite. It may not be conditional, qualified, speculative, inconclusive, or ambiguous. An incomplete or unresponsive verdict should not be received by the court") (internal citations omitted); *Partida v. State*, 133 S.W.3d 738, 743–44 (Tex. App.—Corpus Christi 2003, no pet.) (holding, when trial court accepted

11

unanimous guilty verdict on one count, but sent jury back to deliberate on second count for which it had not reached a verdict, defendant did not preserve his complaint regarding failure to poll jury because he failed to request that it be polled and failed to object); *Loredo v. State*, 47 S.W.3d 55, 60 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd, untimely filed) (holding that trial court did not err in returning jury to further deliberations and stating, "A trial court may, in fact, send a jury back for renewed deliberations if the initial verdict does not comply with the submitted charge, the indictment, or the punishment allowed by the applicable statute").

Likewise, courts have held that an appellant is required to preserve error through an objection in order to complain on appeal about the return of a jury for further deliberation. *See, e.g.*, *Llorance*, 999 S.W.2d at 868–69 (holding appellant waived complaint about trial court's polling procedure and instruction to jury to return to deliberations by failing to make timely and specific objection); *Ford v. State*, 870 S.W.2d 155, 162 (Tex. App.—San Antonio 1993, pet. ref'd) (holding appellant did not preserve complaint concerning procedure trial court employed in deciding to send jury back for further deliberations because he failed to object).

Appellant cites *Smith v. State*, 479 S.W.2d 680 (Tex. Crim. App. 1972), *Ex parte McIver*, 586 S.W.2d 851 (Tex. Crim. App. 1979), and *State v. Dudley*, 223 S.W.3d 717 (Tex. App.—Tyler 2007, no pet.), to support his contention. However,

these cases address a different set of circumstances from the instant case. In *Smith*, the Court of Criminal Appeals held that when the jury's verdict assessed punishment at confinement for one year followed by probation, and the verdict was received by the trial court and entered of record, the trial court in its sentence and judgment was not entitled to change the verdict of the jury by striking the probation provision from the verdict after the jury was discharged. 479 S.W.2d at 681.

Similarly, in *McIver*, the Court of Criminal Appeals stated, "Courts have no power to change a jury verdict unless it is with the jury's consent and before they have dispersed." 586 S.W.2d at 854.

Finally, in *Dudley*, the State argued that the trial court should have granted its motion for a judgment nunc pro tunc and reformed the judgment to reflect the jury's alleged intent to sentence Dudley to ten years' confinement followed by five years' probation. 223 S.W.3d at 721. The court observed that "the punishment verdict recited by the trial court and acknowledged by the jurors before they were discharged is the only verdict that was rendered," and it concluded that the trial court did not err in refusing to reform the judgment "because there [was] no disparity between the verdict rendered and the written judgment." *Id.* at 722.

Here, in contrast to those cases, the trial court never recited the first verdict returned by the jury, and the jurors did not acknowledge that verdict. *See* TEX.

13

CODE CRIM. PROC. ANN. art. 37.04 (Vernon 2006) ("When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the judge, the foreman, or the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court."). The trial court's written judgment conformed to the only verdict accepted by the trial court, recited on the record and acknowledged by the jury, in conformance with the principles applied in *Dudley*. *See* 223 S.W.3d at 722.

Likewise, the cases appellant cites for the proposition that he was entitled to a proper instruction on the range of punishment[2] are unavailing, as the jury instruction that the applicable range of punishment for appellant's offense was between two and twenty years' confinement was proper. *See Mayes*, 353 S.W.3d at 793 (citing TEX. PENAL CODE ANN. §§ 22.011(f), 12.33(a)).

---

[2] *See, e.g.*, *Coody v. State*, 812 S.W.2d 631, 634–35 (Tex. App.—Houston [14th Dist.] 1991) (holding that trial court erred in failing to inform jury that it could assess sentence considerably less severe than minimum range of sentence imposed and addressing harm from trial court's improper instruction), *rev'd on other grounds*, 818 S.W.2d 68 (Tex. Crim. App. 1991).

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).